United States Court of Appeals,

Fifth Circuit.

No. 95-20273

Summary Calendar.

Jeannene MEINECKE, Plaintiff-Appellant,

v.

H & R BLOCK INCOME TAX SCHOOL INCORPORATED, d/b/a H & R Block of South Texas Incorporated and Administaff, Inc., Defendants-Appellees.

Oct. 5, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jeannene Meinecke ("Meinecke") brought this action against her former employers H & R Block of Houston ("H & R Block") and Administaff, Inc. ("Administaff"), alleging that they had discriminated against her on the basis of her age and sex and that they had breached contracts to employ her and to pay her a retirement bonus. The district court entered summary judgment for H & R Block and Administaff on all claims, and Meinecke appeals. We affirm in part and reverse in part the judgment of the district court.

I. FACTUAL AND PROCEDURAL BACKGROUND

H & R Block hired Meinecke in 1980. At that time, H & R Block was owned by Ilah Merriman and her two children's trusts as general partners. Ilah Merriman also had the title of Managing Partner and actively managed the business. Meinecke advanced through various

positions in the company, eventually being promoted to General Manager of the Houston region in 1989. In that same year, H & R Block entered into a staff leasing agreement with Administaff, whereby Administaff hired some H & R Block employees and assigned them to H & R Block. Administaff hired Meinecke and assigned her to H & R Block as its General Manager. As a result, Meinecke effectively became a joint employee of Administaff and H & R Block.[1]

During the spring and summer of 1993, Ilah Merriman negotiated an agreement to sell her interest in H & R Block to her son Michael's trust. Under this agreement, Michael Merriman would become the President and Managing Partner of H & R Block. On or about March 31, 1993, Ilah Merriman informed Meinecke that after the sale of the business, Meinecke's services would no longer be needed and that Ilah Merriman and Meinecke would retire at the same time. When Meinecke made further inquiries about this arrangement, Ilah Merriman allegedly responded that there was "no way" Meinecke could stay, and that Michael Merriman "wanted a male in the position that was closer to his age that he could relate to and communicate with." Meinecke was fifty-six years old at the time. On April 16, 1993, Ilah Merriman notified the employees of H & R Block and Administaff that she and Meinecke would retire on May 1, 1994, and that Michael Merriman would become President and Managing Partner.

---

[1]The parties have stipulated, for purposes of this litigation, that Meinecke is an employee of H & R Block.

During the summer of 1993, the sale of the business proceeded more quickly than had been anticipated, and on August 25, 1993, Meinecke was informed that she would retire on September 1. Between August and October 1993, H & R Block closed the Houston headquarters office where Meinecke was employed and terminated all Administaff and H & R Block employees who worked in that office, including Meinecke. Of the eight employees who were discharged, one was male and six were younger than Meinecke. At the same time, H & R Block executed a management agreement with H & R Block of South Texas, Inc. (HRB/STI), whereby HRB/STI would assist H & R Block in carrying out the management and administrative functions formerly performed by the Houston headquarters office. Pursuant to this agreement, Ken Treat, Jr., who was a vice-president of HRB/STI and thirty-six years old at the time, performed some portion of Meinecke's duties.

On January 5, 1994, Meinecke filed this action against H & R Block and Administaff, alleging that she had been discriminated against on the basis of her sex and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e2(a)(1), and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1). She also alleged that H & R Block and Administaff had breached contracts to employ her and to pay her a severance package. On November 15, 1994, H & R Block and Administaff filed a joint motion for summary judgment.

On March 13, 1994, the parties filed a stipulation that all claims against Administaff and the breach of contract claims

3

against H & R Block would be dismissed.  The district court entered an order approving the dismissal on March 16.  On the same day, however, the district court also entered an order granting summary judgment to Administaff and H & R Block on all claims, including those that the parties had stipulated would be dismissed.  Meinecke now appeals the district court's order of summary judgment.

## II. DISCUSSION

### A. Standard of Review

We review the granting of summary judgment de novo, applying the same criteria used by the district court in the first instance. *Norman v. Apache Corp.,* 19 F.3d 1017, 1021 (5th Cir.1994); *Conkling v. Turner,* 18 F.3d 1285, 1295 (5th Cir.1994).  First, we consult the applicable law to ascertain the material factual issues.  *King v. Chide,* 974 F.2d 653, 655-56 (5th Cir.1992).  We then review the evidence bearing on those issues, viewing the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party.  *Lemelle v. Universal Mfg. Corp.,* 18 F.3d 1268, 1272 (5th Cir.1994);  *FDIC v. Dawson,* 4 F.3d 1303, 1306 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 2673, 129 L.Ed.2d 809 (1994).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

Under Rule 56(c), the party moving for summary judgment bears the initial burden of informing the district court of the basis for

4

its motion and identifying the portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986); *Norman,* 19 F.3d at 1023. If the moving party meets its burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986); *Norman,* 19 F.3d at 1023. The burden on the non-moving party is to do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355-56.

B. Claims Against Administaff and Contract Claims Against H & R Block

We first address the district court's grant of summary judgment on Meinecke's claims against Administaff and her contract claims against H & R Block. Meinecke contends that summary judgment on these claims was inappropriate because all parties had filed a stipulation that these claims would be dismissed and because the court entered an order approving the dismissal on the same day it entered the order granting summary judgment. H & R Block and Administaff counter that this court does not have jurisdiction to review the summary judgment on these claims because the dismissal rendered the issues moot.[2]

---

[2]H & R Block and Administaff also argue that this issue is not properly before us because Meinecke failed to present it to the district court. Specifically, they contend that Meinecke should have filed either a supplemental response to their Motion for Summary Judgment addressing the effect of the stipulation of dismissal or, alternatively, a Rule 60(b) motion seeking relief

We begin our analysis, as we must, with the question of mootness. The parties' stipulation to the dismissal of these claims and the district court's order granting summary judgment on the same claims are contradictory and irreconcilable. Only one of these actions can be valid. H & R Block and Administaff, however, would like to give effect to both. In particular, they would like to use the action that is less favorable to them, the dismissal, to deny this court jurisdiction to review the action that is more favorable, the summary judgment, thereby insulating it from reversal.[3] The logical fallacy in the appellees' mootness argument is that it presupposes the validity of the dismissal; however, where the issue before us is whether we should give effect to the dismissal or the contradictory order of summary judgment, we cannot make such a supposition.[4] The conflict between the dismissal and the summary judgment presents us with a live controversy.

---

from the judgment. It might well be that someone should have reminded the district court that the stipulation of dismissal mooted part of the summary judgment motion, but a better case can be made for the proposition that it was the movant's responsibility in the first instance; and it has never been the case that a Rule 60(b) motion must be filed as a prerequisite to appeal.

[3]The dismissal is less favorable to H & R Block and Administaff because it is without prejudice. The stipulation itself does not indicate whether the dismissal is with or without prejudice, but Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure provides that, where a stipulation of dismissal does not make such an indication, the dismissal is without prejudice.

[4]We also do not presuppose the validity of the summary judgment; however, whether the summary judgment as to these claims was erroneous has no bearing on our jurisdiction to review it. Because the summary judgment as to these claims is a final judgment, we have jurisdiction pursuant to 28 U.S.C. § 1291.

Furthermore, even if the dismissal rendered moot the claims in question, the conflicting order granting summary judgment on these claims effectively resurrected the controversy. Accordingly, we find the appellees' mootness argument to be without merit.

We now turn to the question of whether summary judgment on the claims against Administaff and the contract claims against H & R Block was appropriate in light of the stipulation of dismissal. Administaff and H & R Block point out in their brief that the parties voluntarily dismissed these claims by filing a stipulation for dismissal pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure. According to this Rule, such stipulations take effect when *filed* and do not require an order of the court. Fed.R.Civ.P. 41(a)(1)(ii). Therefore, the district court's order approving the dismissal is of no consequence. This distinction should eliminate any confusion created by the fact that the district court entered the order approving the dismissal and the order granting summary judgment on the same day. The claims were dismissed when the parties filed the stipulation, which was three days before the court entered the order granting summary judgment. We have held that, when the parties file a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(ii), "any further actions by the court [are] superfluous." *United States v. Kellogg (Matter of West Texas Mktg. Corp.),* 12 F.3d 497, 501 (5th Cir.1994); *see also Williams v. Ezell,* 531 F.2d 1261, 1264 (5th Cir.1976). Thus, that part of the district court's order granting summary judgment to Administaff on all claims and to H & R Block on the contract claims

7

is void.

### C. Discrimination Claims Against H & R Block

Turning to the sex and age discrimination claims against H & R Block, Meinecke contends that the district court erred in granting summary judgment on these claims because she presented sufficient evidence to raise a genuine issue of material fact regarding the reasons for her forced retirement. Specifically, Meinecke argues that this evidence established a prima facie case of sex and age discrimination and demonstrated that H & R Block's proffered reasons for her retirement were pretextual. H & R Block responds that Meinecke could not meet her burden of proving discrimination because she was legitimately terminated as part of H & R Block's plan to close its Houston headquarters office.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual ... because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA proscribes similar treatment on the basis of age. 29 U.S.C. § 623(a)(1). The same evidentiary procedure for allocating burdens of proof applies to discrimination claims under both statutes. *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 n. 4 (5th Cir.1993); *Fields v. J.C. Penney Co.,* 968 F.2d 533, 536 n. 2 (5th Cir.1992). Initially, the plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Bodenheimer,* 5 F.3d at 957. The prima facie case, if established,

8

raises a presumption of discrimination, which the defendant must rebut by articulating a legitimate, nondiscriminatory reason for its actions. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094-95, 67 L.Ed.2d 207 (1981); *Bodenheimer,* 5 F.3d at 957. If the defendant satisfies this burden, the presumption disappears, and the plaintiff must prove that the proffered reasons are a pretext for discrimination. *St. Mary's Honor Ctr. v. Hicks,* --- U.S. ----, ----, 113 S.Ct. 2742, 2747, 125 L.Ed.2d 407 (1993); *Bodenheimer,* 5 F.3d at 957. The plaintiff retains the ultimate burden of persuasion throughout the case. *Burdine,* 450 U.S. at 256, 101 S.Ct. at 1095.

To establish a prima facie case of discrimination under Title VII, a plaintiff must prove that: (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she was discharged; and (4) after being discharged, her employer replaced her with a person who is not a member of the protected class. *See Vaughn v. Edel,* 918 F.2d 517, 521 (5th Cir.1990). In cases where the employer discharges the plaintiff and does not plan to replace her, we have held that the fourth element is, "more appropriately, that after [the] discharge others who were not members of the protected class remained in similar positions." *Id.* The first three elements of a prima facie case of age discrimination under the ADEA are identical to the first three elements of a Title VII prima facie case. *Bodenheimer,* 5 F.3d at 957. The fourth element is similar, although we have worded it somewhat differently: The plaintiff must show that "[s]he was

9

either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age." *Id.* The third alternative of this last element applies in circumstances where the plaintiff is not replaced. *See Armendariz v. Pinkerton Tobacco Co.,* 58 F.3d 144, 150 (5th Cir.1995). Because the requirements under both statutes are essentially the same, we will analyze them together.

The parties agree that Meinecke has established the first three elements of her prima facie case. They dispute, however, which version of the fourth element of the prima facie case is applicable and, in either case, whether Meinecke has made the requisite showing. Meinecke contends that this is a "replacement" case rather than a "reduction in force" case. Specifically, she points out that Ken Treat of HRB/STI assumed her duties after she left H & R Block, that Ilah Merriman did not announce Meinecke's retirement as part of a reduction in force, and that the Houston offices which she oversaw as part of her duties have continued to function. H & R Block counters that this is a "reduction in force" case because it closed the entire Houston headquarters office where Meinecke was employed and because no one replaced Meinecke at her position. Rather, her duties were incorporated into the job responsibilities of other employees.

We agree with H & R Block that this is a "reduction in force" case. The evidence clearly establishes that H & R Block closed the Houston headquarters office where Meinecke worked and abolished her position as part of the reorganization plan that accompanied

10

Michael Merriman's purchase of the business. Other entities assumed the functions of the headquarters office, and Meinecke's managerial role in particular was obviated by the contract between H & R Block and HRB/STI, whereby the latter agreed to assist Michael Merriman in managing H & R Block. However the Merrimans characterized Meinecke's departure from H & R Block, it cannot be said that she was replaced in her position. The evidence presented by Meinecke does not raise a fact question on this point.

Because this is a "reduction in force" case, Meinecke must prove as the fourth elements of her prima facie cases of sex and age discrimination that males remained in similar positions and that she was otherwise discharged because of her age. *Armendariz,* 58 F.3d at 150; *Bodenheimer,* 5 F.3d at 957; *Vaughn,* 918 F.2d at 521. With respect to her Title VII claim, Meinecke argues that she has shown that Ken Treat remained in a position similar to hers when she was discharged. While Treat may have assumed many of the duties that Meinecke had performed before she left H & R Block, he did so as an employee of another company, HRB/STI, which had agreed to provide managerial consulting services pursuant to a management agreement.[5] Further, H & R Block eliminated Meinecke's position

_____

[5]Meinecke contends that Treat should actually be viewed as an employee of Michael Merriman because Merriman is a beneficiary of each of the three separate trusts that owned H & R Block and HRB/STI at the time she was terminated and because Merriman later became an Assistant Vice President of HRB/STI. Whatever Merriman's beneficial ownership interests are, Treat remained at all times an employee of HRB/STI and maintained his position there in addition to performing duties as a consultant for H & R Block under the management agreement. Given these facts, we cannot say that Meinecke has raised a genuine issue of material fact as to whether Treat "remained in a similar position" with H

11

and closed the headquarters office where she worked. Under these facts, Meinecke cannot show that males remained in similar positions after she was discharged.

With respect to her ADEA claim, Meinecke contends that Ilah Merriman's alleged statement about Michael wanting a younger person with whom to work and the fact that her departure was characterized as a "retirement" create a genuine issue of material fact as to whether she was otherwise discharged because of her age. We disagree. Meinecke was not the only H & R Block employee affected by the reorganization of the business. When H & R Block closed the Houston headquarters office, it laid off seven other employees, including six under the age of forty. Accordingly, we concur with the district court's conclusion that, "[w]hile Ms. Merriman's alleged statement may reveal Michael Merriman's true feelings, it does not, in light of the reduction of force, show that age was a factor in his decision not to continue Meinecke's employment." In sum, we hold that H & R Block was entitled to summary judgment on both the sex and age discrimination claims.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM in part and REVERSE in part the district court's grant of summary judgment in favor of H & R Block and Administaff and REMAND with instructions that the district court reform the judgment to reflect the dismissal of all claims against Administaff and the breach of contract claims against H & R Block. Each party shall bear its own costs.

---

& R Block after her forced retirement.

12