United States Court of Appeals,

Fifth Circuit.

No. 96-20994.

Ahsan Ahmad FARUKI;  Ahmed R. Azeez;  Zafar M. Agha Plaintiffs-Appellants,

v.

PARSONS S.I.P., INC., Defendant-Appellee.

Sept. 29, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before WISDOM, DUHÉ and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

Plaintiffs-Appellants Ahsan Ahmad Faruki, Ahmed R. Azeez, and Zafar M. Agha appeal the summary judgment dismissal of their claims based on the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.,* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.,* against Defendant-Appellee Parsons S.I.P., Inc. ("Parsons").  For reasons that follow, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

I

Faruki, Agha, and Azeez, Pakistani males over the age of forty, were employed as senior process engineers in Parson's Processing Engineering Department ("Department").  G. Kin Taylor, an Anglo-American male, has managed this Department since 1988.  In his capacity as manager, he supervised all process engineers and was ultimately responsible for their job performance.

Parsons discharged Faruki in May 1993, and it discharged Agha

1

in January 1994. Azeez tendered his resignation to Parsons, effective February 1994, and immediately joined M.W. Kellogg, a Parsons's competitor. Azeez alleges, however, that he was constructively discharged. Appellants brought suit, each claiming that their terminations were motivated by discriminatory animus. In particular, they assert Parsons discharged them because of their national origin and their age, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), respectively.

The district court found that Azeez failed to raise a genuine issue of material fact as to whether he was constructively discharged from his position at Parsons, and it therefore granted Parson's motion for summary judgment against him. Assuming, without deciding, that Faruki and Agha each made a *prima facie* showing under Title VII and the ADEA, the court then found that Parsons had articulated legitimate non-discriminatory reasons for terminating Faruki and Agha, and that Faruki and Agha failed to show these reasons were pretextual and that the real reason for the discharge was discrimination. The court therefore granted Parson's motion for summary judgment against them. Appellants timely appeal.

## II

We review a grant of summary judgment *de novo,* viewing the facts and inferences in the light most favorable to the non-movant. *See Hall v. Gillman, Inc.,* 81 F.3d 35, 36-37 (5th Cir.1996). Summary judgment is appropriate if "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2551, 91 L.Ed.2d 265 (1986).

III

Title VII proscribes an employer from, *inter alia,* discharging an individual because of his or her national origin. *See* 42 U.S.C. § 2000e-2(a)(1). The ADEA proscribes similar treatment on the basis of age. *See* 29 U.S.C. § 623(a)(1). The same evidentiary procedure for allocating burdens of proof applies to discrimination claims under both statutes. *See Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir.1995); *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 n. 4 (5th Cir.1993) (citations omitted).

To establish discriminatory discharge under Title VII, a plaintiff must first establish a *prima facie* case of discrimination by demonstrating that she: (1) is a member of a protected class; (2) was discharged; (3) was qualified for the position from which she was discharged; and (4) was replaced by a member of an unprotected class. *See Meinecke,* 66 F.3d at 83; *Vaughn v. Edel,* 918 F.2d 517, 521 (5th Cir.1990). "In cases where the employer discharges the plaintiff and does not plan to replace her, we have held that the fourth element is, more appropriately, that after [the] discharge others who were not members of the protected class

3

remained in similar positions." *Meinecke,* 66 F.3d at 83 (internal quotation marks and citation omitted) (alteration in original). The first three elements of a *prima facie* case of age discrimination are identical to those of a Title VII *prima facie* case. *See id.* The fourth element is similar, although we have worded it somewhat differently: The plaintiff must show that she "was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age." *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 992 (5th Cir.1996) (citing *Bodenheimer,* 5 F.3d at 957); *Meinecke,* 66 F.3d at 83 (citation omitted).

The *prima facie* case, if established, raises a presumption of discrimination, which the defendant must rebut by articulating a legitimate, non-discriminatory reason for its action. *See Bodenheimer,* 5 F.3d at 957. If the defendant carries this burden, then the presumption raised by the plaintiff's *prima facie* case disappears. *See Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 255 n. 10, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981). The plaintiff must then prove that the defendant's proffered reasons are not the true reason for the employment decision and that unlawful discrimination is. *See St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 507-08, 113 S.Ct. 2742, 2747-48, 125 L.Ed.2d 407 (1993). The plaintiff retains the ultimate burden of persuasion throughout the case. *See Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093.

A

4

As stated above, Azeez must show, as part of his *prima facie* case, that he was discharged. Where, as here, an employee resigns, she may satisfy the discharge requirement by proving *constructive* discharge. *See Barrow v. New Orleans S.S. Ass'n,* 10 F.3d 292, 297 (5th Cir.1994). To prove constructive discharge, a plaintiff must establish that working conditions were so intolerable that a reasonable employee would feel compelled to resign. *See id.* In our determination, we consider many factors relevant, including evidence of badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation. *See id.* (listing various factors).

Summarizing the evidence that it had considered on this issue, the district court concluded that Azeez had failed to show a factual dispute on the issue whether he was constructively discharged. We disagree. Our review of the court's Memorandum and Opinion reveals that the court failed to address Azeez's most compelling evidence of constructive discharge, *viz.,* Azeez's deposition testimony that Taylor had told Azeez that Azeez should find another job, as Parsons would be unable to retain him, and that he had one week before he would be placed on indefinite unpaid leave. Taking this allegation as true, as we must, and drawing all justifiable inferences in his favor, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986), we conclude that Azeez has established a genuine issue of

material fact on the discharge element of his *prima facie* case.[1]
*Cf. Burks v. Oklahoma Pub. Co.,* 81 F.3d 975, 978 (10th Cir.1996)
(recognizing that employee can prove constructive discharge by
showing that she faced choice between resigning or being fired),
*cert. denied,* --- U.S. ----, 117 S.Ct. 302, 136 L.Ed.2d 220 (1996);
*Jenkins v. State of LA., Thru Dep't of Corrections,* 874 F.2d 992,
996 (5th Cir.1989) (stating that constructive discharge can be
proven with evidence that plaintiff-employee was given ultimatum).

Summary judgment is still appropriate, however, if the record
demonstrates that Azeez cannot establish the remainder of his *prima
facie* case or if it demonstrates that Parsons had a legitimate,
non-discriminatory reason for its action.  Parsons concedes that
Azeez is a member of a protected class, and it points to no
evidence showing that Azeez was unqualified for his position.
Parsons does dispute, however, whether Azeez has shown that he was
replaced by a member of an unprotected class.  Indeed, Taylor
testified that Azeez was not replaced.  The summary judgment
evidence reveals, however, that Parsons hired four senior process
engineers, all of whom are Anglo-American and one of whom was under
the age of forty, in a two-week period beginning five days after
Taylor told Azeez that he would be placed on indefinite unpaid
leave.  This inconsistency creates a fact issue that is
inappropriate for summary judgment resolution.  Moreover, Parsons
has failed to articulate any legitimate, nondiscriminatory reasons

---

[1]Our conclusion obviates the need to address the merits of the
remainder of Azeez's summary judgment evidence—as summarized by the
district court—relevant to this discharge issue.

6

for its employment decision.  A fact issue thus exists as to whether Parsons's employment decision was motivated by discriminatory animus.  We therefore reverse the grant of summary judgment as against Azeez, and remand for further proceedings.

B

Agha and Faruki both complain that the district court erred in considering Taylor's affidavit testimony in support of Parsons's motion for summary judgment insofar as the affidavit is based upon hearsay and not upon personal knowledge.  We need not decide whether Taylor's affidavit is incompetent.  Our review of the court's Memorandum and Opinion demonstrates that the court considered evidence other than Taylor's affidavit in reaching its conclusion.[2]

As did the district court, we assume, *arguendo*, that Agha and Faruki have established a *prima facie* case of discrimination. Reaching the second prong of the inquiry, we agree with the district court that Parsons presented competent summary judgment evidence establishing that it had legitimate, non-discriminatory reasons for terminating both Agha and Faruki.  Parsons offered evidence demonstrating that it terminated Agha because of his poor job performance, his difficulties in working with others, and his

---

[2]In particular, with respect to Agha, the court considered Taylor's deposition, Agha's deposition, a memo written by section manager Bob Dawn, and a memo written by company supervisor J.J. Powers.  With respect to Faruki, the court considered a memo written by Powers and a four-page report written by manager Steve Woods.

7

inadequate technical and leadership skills.[3]  Parsons offered

evidence demonstrating that it discharged Faruki because of his

poor job performance, his limited technical knowledge, his

inefficiency, his inability to complete assigned tasks, and his

excessive billing.  Finally, we agree with the district court that

both Agha and Faruki failed to present summary judgment evidence

sufficient to raise a fact issue as to whether Parsons's proffered

reasons were pretextual.[4]  We therefore affirm the district court's

---

[3]Our conclusion that Agha failed to show Parsons's proffered
reasons are pretextual is buttressed by the fact that Taylor, the
manager who terminated Agha, was the same individual who had hired
Agha. Where, as here, the same actor hires and fires an employee,
an inference that discrimination was not the employer's motive in
terminating the employee is created. *See Brown v. CSC Logic, Inc.,*
82 F.3d 651, 658 (5th Cir.1996).

[4]Agha alleges that the following evidence supports his claim
that Parsons's proffered reasons are a pretext for unlawful
discrimination:  (1) the denial of his request for his own personal
office computer;  (2) the denial of his request to attend a couple
of in-house training seminars;  (3) Taylor's derogatory comment
about an Indian interviewee who was later hired;  and (4) the
positive comments of a Parsons's supervisor about Agha's work.
This evidence, either singly or in combination, does not carry
Agha's burden.

First, Agha did not present any evidence that he was the
only employee denied a personal computer, nor did he present
any evidence that only employees of South Asian descent were
denied personal computers. Second, the training seminars Agha
alleges he was not allowed to attend taught simulation and
heat exchanger skills, work that Agha was not asked to
perform.  Furthermore, Agha admitted that Anglo-American
employees were also denied the opportunity to attend these
seminars.  Third, Taylor's challenged comment was not alleged
to have been repeated, and it was remote in time to Agha's
termination for it to be indicative of discriminatory animus.
*Cf. Brown,* 82 F.3d at 655-56 (stating that supervisor's
isolated, remote in time, derogatory statement is not
compelling evidence of discrimination). Fourth, the positive
comments upon which Agha relies were made with respect to only
one particular project on which Agha worked and concerned work
the majority of which Agha performed in 1991-92, years before

grant of summary judgment as against Agha and Faruki.

IV

For the foregoing reasons, we AFFIRM IN PART, REVERSE IN PART, and REMAND FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

---

Agha's termination in 1994.

> Faruki offers some of this same evidence in support of his claim. In addition, he offers evidence that one Parsons supervisor did not believe Faruki's work justified his termination. As the district court pointed out, however, at most, this evidence shows that supervisors disagreed as to the wisdom of Taylor's decision. The relevant inquiry, however, is only whether the employer's decision was discriminatory. *See McDaniel v. Temple Independent School Dist.,* 770 F.2d 1340, 1349 (5th Cir.1985). Faruki also submits evidence that Taylor terminated three engineers of South Asian descent on the same day in 1992. This conclusory allegation, without more, does not carry Faruki's burden under *Hicks.* Faruki offers no evidence indicating the competence of these three engineers. Finally, Faruki alleges in his affidavit that he received favorable evaluations during the time when Parsons alleges it received unfavorable reports of Faruki's work. Faruki's allegation is conclusory however; he fails to offer any evidence verifying his claim.