Guy Wayne WILLIAMS, Plaintiff,

v.

**C.J. GAYFERS AND COMPANY,**
Defendant.

No. CIV.A. 2:96CV352PG.

United States District Court,
S.D. Mississippi,
Hattiesburg Division.

July 23, 1998.

Anthony A. Mozingo, Anthony A. Mozingo,
Attorney, Hattiesburg, MS, for Plaintiff.

M. Curtiss McKee, Christina L. Carroll, Daniel, Coker, Horton & Bell, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

This matter is before the Court on Defendant's Motion for Summary Judgment. The Court, having reviewed the motion, the briefs, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND

Plaintiff Guy Williams, a white male, alleges he was discriminated against by his employer, C.J. Gayfers and Company, Inc. The record before the Court establishes that Plaintiff was terminated after Defendant's store management investigated Plaintiff for sexual harassment. The investigation was initiated by Defendant after numerous complaints of sexual harassment were made against Plaintiff by employees and former employees of Defendant. Plaintiff argues that although he was terminated due to the sexual harassment allegations, a "similarly situated" black male employee, James O'Neal, was not terminated even though Mr. O'Neal, like Plaintiff, had been accused of sexual harassment.

Consequently, Plaintiff filed this action under Title VII and alleges that he was discriminated against because he was treated differently than an allegedly "similarly situated" black male employee. Plaintiff contends that Mr. O'Neal's job was spared because Mr. O'Neal was a black man, had a good reputation in the community and because Mr. O'Neal had a large clientele base. Additionally, Plaintiff asserts that Defendant feared Mr. O'Neal would initiate a lawsuit if his employment was terminated. Plaintiff contends that the defendant's alleged failure to treat Plaintiff as it treated Mr. O'Neal constituted racial discrimination under Title VII.

This cause is before the court on the motion of Defendant for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff did not timely respond to the motion.[1] Nevertheless, the court has carefully considered the entire record before the court.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "The mere existence of a disputed factual issue ... does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986). "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation,* 812 F.2d 265, 272 (5th Cir.1987).

To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative"

---

1. Defendant filed its Motion for Summary Judgment on October 30, 1997. Pursuant to local rule 8(d), Plaintiff should have responded within ten (10) days after service of Defendant's memorandum brief. However, despite numerous requests by the Court for Plaintiff to respond to the Defendant's Motion for Summary Judgment, Plaintiff failed to do so.

The Court notes that new counsel was obtained by Plaintiff, and consequently, a slight delay was probably unavoidable. Even so, the Court has made numerous contacts to Plaintiff's newly ac-

quired counsel since April 21, 1998, and each time Plaintiff's counsel or a representative from counsel's office assured the Court that a response would be immediately forthcoming. Yet, despite the many assurances, a response did not arrive. Such behavior should not become customary and is not condoned by this Court. Nevertheless, the Court has considered all evidence in the record, including Plaintiff's entire deposition. Plaintiff's own deposition testimony clearly indicates that he is not entitled to proceed further.

evidence. *Ferguson v. National Broadcasting Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978). Stated another way, the nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. *See, e.g.,* Fed.R.Civ.P. 56(e); *Union Planters Nat. Leasing v. Woods,* 687 F.2d 117, 119 (5th Cir.1982).

## LEGAL ANALYSIS

Prior to the Supreme Court's decision in *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), discrimination lawsuits under Title VII proceeded under a rather complicated analysis of multiple factors which produced a shifting burden of production and going forward back and forth between the parties.[2] In the instant case, even under the case law decided prior to *St. Mary's Honor Ctr.,* Plaintiff has not established that there is a genuine issue of material fact that would allow Plaintiff to proceed further.[3]

Under the controlling case precedents decided prior to *St. Mary's Honor Ctr.,* in the absence of direct evidence of discrimination, the procedure was for Plaintiff to establish a prima facie case. Then, the Defendant was required to articulate a legitimate non-discriminatory reason for its employment action against Plaintiff. If Defendant articulated a non-discriminatory reason for his action, Plaintiff was required to demonstrate that the reason proffered by Defendant was not true, but pretextual. If the plaintiff did this, the plaintiff would generally prevail under the case law in effect prior to the decision in *St. Mary's Honor Ctr.*[4] This complex burden shifting analysis has been used by numerous courts and was recently reaffirmed by the Fifth Circuit. *See Walton v. Bisco Indus.,* 119 F.3d 368, 370 (5th Cir.1997).

■ However, the Court in *St. Mary's Honor Ctr.* clearly established that, regardless of who prevails on the various issues under the burden shifting procedure and analysis required by prior precedents and clarified in *St. Mary's Honor Ctr.* that the *ultimate* issue which must be decided is "whether the Plaintiff has proven that the defendant intentionally discriminated against him because of his race." *St. Mary's Honor Ctr.,* 509 U.S. at 510, 113 S.Ct. 2742. Since

---

**2.** *See, Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973); *Grimes v. Texas Dept. of Mental Health,* 102 F.3d 137, 143 (5th Cir.1996); *Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir.1995); *Smith v. Wal–Mart Stores,* 891 F.2d 1177, 1180 (5th Cir.1990); *Flanagan v. Aaron E. Henry Community Health Serv. Ctr.,* 876 F.2d 1231, 1233–34 (5th Cir.1989).

**3.** One of the facts that a plaintiff has to establish in order to make a prima facie case under case law decided prior to *St. Mary's Honor Ctr.,* 509 U.S. at 502, 113 S.Ct. 2742, is that a person who was a member of a race different than plaintiff had engaged in misconduct "nearly identical" to that for which plaintiff received an adverse employment action and had not been subjected to such adverse employment action. *See e.g., Meinecke v. H & R Block of Houston, Inc.,* 66 F.3d 77, 83 (5th Cir.1995); *Smith v. Wal–Mart Stores,* 891 F.2d 1177, 1180 (5th Cir.1990). The record before the Court does not indicate that the misconduct for which Plaintiff was terminated was "nearly identical" to that engaged in by the black co-employee whom Defendant retained. *See, e.g., Meinecke,* 66 F.3d at 83; *Smith,* 891 F.2d at 1180. An investigation by Gayfers established that Plaintiff had been involved in nine (9) separate incidents in which sexual harassment complaints were received about Plaintiff by Gayfers

from Plaintiff's co-workers. Although the Plaintiff compares his treatment to that of a black co-employee, Mr. O'Neal, the circumstances leading up to the discipline of the two employees is far from "nearly identical." The number of accusers against Plaintiff was far greater than the number of accusers against Mr. O'Neal. Also, Defendant concluded that the complaints alleged against Plaintiff were of a more serious nature than those alleged against Mr. O'Neal. As a result, Plaintiff has not established a prima facie case under the analysis required under the decisions decided prior to the Supreme Court's decision in *St. Mary's Honor's Ctr.*

**4.** In this case Defendant articulated a legitimate, non discriminatory reason for Plaintiff's discharge—that is, Defendant states that they discharged Plaintiff because of numerous sexual harassment complaints against Plaintiff. Plaintiff has failed to demonstrate that Defendant's articulated reason was pretextual. To the contrary, Plaintiff does not contend that this was not the reason for his termination by Defendant. Plaintiff merely argues that because Mr. O'Neal was treated more favorably than Plaintiff, that Defendant discriminated against Plaintiff. But, Plaintiff admitted in his deposition that he did not think Defendant's supervisors were acting against Plaintiff because of Plaintiff's race.

the decision in *St. Mary's Honor Ctr.*, it is evident that in order to prevail under a Title VII discrimination case, a plaintiff has the burden to establish two things: (1) that the plaintiff's employer took an adverse employment action against the plaintiff, and (2) that a motivating reason for the adverse employment action was plaintiff's race. Consequently, a Title VII discrimination action cannot be established by *merely proving* that someone else other than the plaintiff was discriminated against or treated differently than the plaintiff was.

The practical effect of *St. Mary's Honor Ctr.* is that Title VII discrimination cases will ultimately be handled in basically the same manner as all other cases. The plaintiff's burden in Title VII racial discrimination cases, as in other cases, is to establish all essential elements of his or her claim. Therefore, in order to prevail, the plaintiff will eventually have to demonstrate that an adverse employment action was taken against him because of his race. Such a requirement is in accord with the plain language of Title VII of the Civil Rights Act of 1965, which reads in pertinent part:

It shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race...

42 U.S.C. § 2000e–2(a)(1).

The precise language of Title VII is that it is unlawful for an employer to discriminate against an employee with respect to terms of employment "because of *such individual's race*...." 42 U.S.C. § 2000e–2(a)(1) (emphasis added). The precise language of Title VII does not give a cause of action to an individual for discrimination committed against someone else. Nor does the language provide a cause of action simply because a person of a different race than plaintiff is treated more favorably. Instead, Title VII gives an individual a claim only if discrimination is directed against that particular individual.

 Although proof that a member of another race was treated differently than the plaintiff may help establish that discrimination did occur, an employer treating a member of another race differently, by itself, is insufficient to establish a Title VII claim. In order to prevail under a Title VII race discrimination claim, a Title VII plaintiff must prove that racial discrimination was perpetrated against the plaintiff, not someone else. A Title VII plaintiff cannot prevail simply by offering proof of favoritism being shown to a person of another race.

 The only evidence of intentional racial discrimination revealed by the record in the case sub judice continues to be Plaintiff's conclusory allegations that Mr. O'Neal was treated differently than Plaintiff because Mr. O'Neal was black. Yet, despite Plaintiff's allegations, his deposition clearly demonstrates that not even the plaintiff himself believes that he was a victim of intentional discrimination *because of his (Plaintiff's) race*.[5]

---

5. The Plaintiff's deposition, at page 53, contains the following testimony:
Q. What is the foundation for your statement that you were not afforded a corrective interview because you were white?
A. Going back to James O'Neill, he was given a corrective interview for his charges, and I was not.
Q. Is there any other basis, other than that?
A. No, sir.
At page 59:
Q. Do you think Mr. Dillard was prejudiced against you because you are a white person?
A. I don't think he was prejudiced against me because I was a white person, I think that ultimately he let—they decided to let me go, as opposed to James, because they were scared of him.
Q. Scared of him, because of what?

A. His reputation in the community. He had a large clientele, and also he threatened a lawsuit on them.
And at page 86–87:
Q. Do you have any reason to believe that Mr. Sills was motivated against you because of your white race?
A. No.
Q. Or your male sex?
A. No.
Q. What about Reed Wilbanks; do you have any reason to believe Mr. Wilbanks was motivated against you because you were white?
A. They were not motivated because I was white, none of the three; they were just more inclined to let a white male go than they were a highly reputable member of the black community in Hattiesburg?

The evidence presented by Defendant indicates that there was no intentional racial discrimination against Plaintiff, and Plaintiff's deposition clearly demonstrates that Plaintiff has no evidence to the contrary. Thus, there is no genuine issue of a material fact. Plaintiff alleges disparate treatment, but then acknowledges that he does not believe that management of Defendant acted against him because of *his* race.

Plaintiff's subjective belief that he suffered an adverse employment action as a result of discrimination is not enough to provide him with relief. *See Ray v. Tandem Computers, Inc.*, 63 F.3d 429, 434–35 (5th Cir.1995). The discrimination laws are "not intended to be a vehicle for judicial second-guessing of business decisions, nor ... to transform the courts into personnel managers." *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507–08 (5th Cir.1988). Even if Defendant wrongly concluded that Plaintiff was guilty of sexual harassment, that gives Plaintiff no cause of action under Title VII without further proof that racial discrimination was a motivating factor for Plaintiff's action.

In sum, the fact that an employee of one race is given more favorable treatment than an employee of a different race is no basis for a lawsuit under Title VII unless a plaintiff proceeds further and establishes that racial discrimination was a motivating factor behind the employer's adverse employment action. "It is not discrimination to treat differently situated persons differently." *Walton*, 119 F.3d at 373. Plaintiff has produced no evidence to indicate that racial discrimination toward Plaintiff motivated Defendant's action to any extent.

After a thorough review of the record, the Court finds that Plaintiff has failed to produce any evidence to establish a genuine issue of material fact. The evidence taken as a whole would not allow a jury to infer that a motivating reason for the discharge of Plaintiff was discrimination because of Plaintiff's race. There being no genuine issues of material fact, summary judgment is appropriate.

For the reasons stated above, Defendant's Motion for Summary Judgment against Plaintiff should be and is hereby GRANTED. All other pending motions in this matter are hereby moot. A separate judgment will be entered herein in accordance with Rule 58 of the Federal Rules of Civil Procedure.