UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50706
Summary Calendar
_____


VAN DAVIS (deceased); Et Al.,

Plaintiffs,

LAWRENCE J. WEBB,

Plaintiff-Appellant,

versus

TOBACCO COMPANY OF PRODUCTS, Kool, Newport,
Pall Mall, and Marlboro,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. SA-96-CV-782
_____

January 8, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lawrence J. Webb, suing on behalf of his deceased friend, Van Davis, appeals from the district court's denial of his motion to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous. This court must examine the basis of its own

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction if necessary.  <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987).  In its order denying IFP on appeal, the district court noted that the notice of appeal was filed more than 30 days after the entry of judgment.  Webb's notice of appeal is therefore untimely, and his appeal is DISMISSED for lack of jurisdiction.  <u>See</u> Fed. R. App. P. 4(a)(1); <u>Mosley</u>, 813 F.2d at 660.  Webb's motion for IFP status on appeal is DENIED.

     MOTION DENIED; APPEAL DISMISSED.

     Davis filed a complaint in the district court apparently attempting to charge the appellees with discrimination based on sex, race, and/or age.  After filing her complaint in the district court, the appellees filed a Motion to Dismiss and for a More Definite Statement.  While denying the Motion to Dismiss, the court granted the appellees' Motion for a More Definite Statement, requesting that Davis replead her complaint to include "the specific acts and/or omissions of each and every defendant named in Plaintiff's complaint."  She was warned that failure to do so could result in dismissal of her case.

     Davis filed an amended complaint.  Shortly thereafter and upon motion of the appellees, the court dismissed Davis's claims, stating that, although the court does not hold a *pro se* plaintiff to the same standard expected of practicing attorneys, Davis had failed to supply any specific allegations of wrongdoing against any specific defendant.  Davis timely appealed.

2

This court reviews *de novo* a district court's dismissal of a plaintiff's case on the pleadings pursuant to FED. R. CIV. P. 12(b)(6). *See Eason v. Holt,* 73 F.3d 600, 601 (5th Cir. 1996). "Dismissal is not proper unless it appears, based solely on the pleadings, that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id.*

Davis, appearing *pro se* in both the district court and before this court, attempted to plead claims under Title VII for sex and race discrimination and under the ADEA for age discrimination.[2] In order to establish a *prima facie* case of discrimination under Title VII, a plaintiff must plead facts sufficient to establish that (1) she is a member of a class protected under Title VII; (2) she was qualified for the position that she held; (3) she was discharged; and (4) after being discharged, her employer replaced her with a person not a member of a protected class. *See Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir. 1995). If an employer discharges the plaintiff and does not replace her, the plaintiff must establish as the fourth element of her *prima facie* claim that, after being discharged, others who are not members of the protected class remained in similar positions. *See id.* Similarly,

> [t]he first three elements of a *prima facie* case of age discrimination under the ADEA are identical to the first three elements of a Title VII *prima facie* case. The fourth element is similar, although we have worded

[2] Because the requirements for establishing a claim under either of these statutes is similar, we will analyze them together. *See Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir. 1995).

it somewhat differently: The plaintiff must show that "[s]he was either I) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of [her] age."

*Id.* (internal citations omitted; quoting *Bodenheimer v. PPG Indus., Inc.,* 5 F.3d 955, 957 (5th Cir. 1993)).

We have reviewed the pleadings and agree with the district court that Davis has failed to plead facts in support of her claims which would entitle her to relief. Although she claims in her pleadings to be a black, female who was "illegally terminated" for "improperly changed medical records," Davis does not claim that after being discharged, her employer replaced her with a person who is not a member of a class protected by Title VII or that others who are not members of a protected class remained in similar positions. Neither does she claim that she was replaced by someone younger or otherwise discharged because of her age. Even after being instructed by the court to do so, she has failed to include in her complaint any specific allegations of wrongdoing against any specific defendant.

Davis has not pleaded facts -- even when read liberally -- which would entitle her to relief under Title VII or ADEA. Accordingly, we AFFIRM the judgment of the district court. AFFIRMED.