**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-50984
Summary Calendar

BILLY R. MCDANIEL,

Plaintiff-Appellant,

VERSUS

GENERAL AMERICAN TRANSPORTATION CORP.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(W-97-CV-27)

May 14, 1998
Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges

PER CURIAM:[1]

Billy R. McDaniel ("McDaniel"), an 18-year employee of General American Transportation Corporation ("GATC") sued his employer when his position of Environmental Coordinator at its Hearne, Texas facility was phased out and he was discharged. He claimed that GATC's adverse employment decision was discriminatory conduct based

---

[1]Pursuant to the 5TH CIR. R.47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in the 5TH CIR. 47.5.4.

on his race, his age, and his record of disabilities under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 626, et seq., and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12110 et seq., respectively. The district court granted summary judgment for GATC on all claims. McDaniel appeals.

We have carefully reviewed the record and considered the briefs of the parties. We agree with the district court that McDaniel has failed to present a prima facie case of either race or age discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The facts are undisputed that he was not replaced by someone outside the protected class nor did others who were not members of the protected class remain in similar positions. See Meinecke v. H&R Block of Houston, 66 F.3d 77, 83, 84 (5th Cir. 1995).

Even if we assume that McDaniel established a prima facie case of race or age discrimination, the uncontroverted facts indicate that the GATC decision was made in an effort to economize. GATC hired an outside consultant, who was already under contract for other services at GATC, to perform the duties of an environmental coordinator. Rather than paying McDaniel's environmental coordinator's $45,456.00 salary, GATC paid only $40,000 for both the pre-existing consulting duties and those originally performed by McDaniel. McDaniel fails to present evidence that GATC's business decision was a pretext for discrimination based on his

2

race or his age.  See Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1980).

We also agree that McDaniel does not suffer from a disability recognized under the ADA and consequently has no claim against GATC for discrimination.  See 42 U.S.C. § 12102(2) and 29 C.F.R. § 1630.2(i).  The district court correctly found that McDaniel has no record of an impairment that substantially limits a major life function.  See Rogers v. International Marine Terminals, Inc., 97 F.3d 755 (5th Cir. 1996) and Id. n.2.  Thus, McDaniel is not a individual with a disability recognized by the ADA and can claim no protection under that statute.

Accordingly, we AFFIRM the district court's grant of summary judgment in favor of the defendant, GATC.