**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 1, 2012

No. 11-60771
Summary Calendar

Lyle W. Cayce
Clerk

MELODY HARRIS,

Plaintiff-Appellant,

versus

FIRST AMERICAN NATIONAL BANCSHARES, INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 1:10-CV-139

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Melody Harris sued her former employer, First American National Banc-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60771

shares, Inc. ("FANB"), for firing her for allegedly race-based reasons. Harris established a *prima facie* case of discrimination but cannot show that FANB's stated reasons are pretext. Accordingly, we AFFIRM the summary-judgment dismissal.

I.

A.

Harris, who is black, worked as head teller at an FANB branch until she was fired and replaced by a white woman, Missy Brooks. FANB asserts that Harris's employment was terminated for failure to comply with two distinct company procedures: (1) the time-clock procedure and (2) the dual-control procedure for money verification. The time-clock procedure requires an employee to clock in before servicing a customer or, failing that, to complete a time clock correction sheet. Over the course of three months, FANB records indicate, Harris violated that procedure at least fifteen times.

The dual-control procedure requires that bundles of money be counted and initialed by one employee and then recounted and initialed by a second employee to verify the amount. After management learned that Harris was forging another employee's initials on the money bundles, she was warned that the dual-control procedure should be followed without exception. Despite two meetings about the issue, she continued to violate the procedure by failing to obtain a second employee's initials.

With violations piling up, Lisa Phelps, FANB's human-resources manager, met with Harris to discuss them, but Harris offered no excuse or explanation for her actions. Phelps terminated her for those violations.

No. 11-60771

B.

Harris sued FANB, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964.  The district court granted FANB's motion for summary judgment, and Harris appeals.

II.

A summary judgment is reviewed *de novo*, under the same standard applied by the district court.  *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 301 (5th Cir. 1993).  Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* at 248.  The court must draw all justifiable inferences in favor of the non-moving party.  *Id.* at 255.  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with specific facts showing a genuine factual issue for trial, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *See SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

No. 11-60771

III.

Because Harris provides no direct evidence of discrimination, her claim must be analyzed using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The plaintiff must first establish a *prima facie* case by demonstrating: (1) that she belongs to a protected class; (2) that she was qualified for her position; (3) that her employer took adverse action against her; and (4) that she was "replaced by someone outside the protected class" or, in actions alleging disparate treatment, that "others similarly situated were treated more favorably." *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-513 (5th Cir. 2001); *Davin v. Delta Air Lines, Inc.*, 678 F.2d 567, 570 (5th Cir. Unit B 1982).

Once established, the *prima facie* case raises an inference of intentional discrimination, which the employer must rebut by providing a legitimate and nondiscriminatory justification for the adverse action. *Meinecke v. H&R Block of Hous.*, 66 F.3d 77, 83 (5th Cir. 1996). If the defendant can articulate a legitimate justification, the burden shifts back to the plaintiff to show "at a new level of specificity" that the employer's alternative explanation is a mere "pretext for discrimination." *Thornbrough v. Columbus & Greenville R.R. Co.*, 760 F.2d 633, 639 (5th Cir. 1985), *abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 513 (1993).

Harris is a member of a protected class. It is undisputed that she was qualified for the position of head teller at the time of her promotion and that FANB took adverse action against her. Although Harris has not demonstrated that FANB treated her less favorably than it treated other similarly situated employees, she was indeed replaced by a white person, and replacement by a

No. 11-60771

person outside the plaintiff's protected class is an alternative means of satisfying the fourth requirement of the *prima facie* case. *Okoye*, 245 F.3d at 512-513. Therefore, Harris has met her initial burden.

In response, FANB articulated two reasons for termination: (1) violations of the time-clock policy and (2) violations of the dual-control policy. FANB has provided evidence that Harris violated the time-clock policy, and Harris admitted to violating the dual-control policy after being warned on multiple occasions. Those justifications are sufficient to rebut Harris's case on a *prima facie* level, and so the burden shifts to Harris to show pretext.

At the pretext stage, the question on summary judgment is whether there is a conflict in substantial evidence, *see Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003), and Harris has not produced any substantial evidence. She specifically points to the fact that FANB failed to provide clear and convincing evidence of her misconduct at an unemployment compensation hearing, but the clear-and-convincing standard in an unemployment hearing is much higher than is FANB's standard here. FANB was only required to provide the district court a clear explanation of the nondiscriminatory reasons for its actions, and it bore no burden of persuading the court, even by a preponderance of the evidence, that those reasons actually motivated its decision. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 250 (1981). Therefore, the fact that FANB did not present clear and convincing evidence in the unemployment hearing does not support an inference of pretext.

The summary judgment is AFFIRMED.