United States Court of Appeals,

Fifth Circuit.

No. 91-6187.

Dr. Jane CHANCE, Plaintiff-Appellant,

v.

RICE UNIVERSITY and Alan Grob, Defendants-Appellees.

Feb. 25, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before WISDOM and DUHÉ, Circuit Judges, and DOHERTY,[1] District Judge.

DUHÉ, Circuit Judge:

Appellant Dr. Jane Chance appeals the district court's judgment in favor of Appellee Rice University regarding her claim that Rice University violated the Equal Pay Act and Title IX of the Education Amendments of 1972, and the district court's grant of a directed verdict in favor of Alan Grob regarding her claim of intentional infliction of emotional distress. Finding no district court error, we affirm.

BACKGROUND

Dr. Jane Chance (Dr. Chance) is a full professor of english literature at Rice University (Rice). Her colleague, Dr. Alan Grob (Dr. Grob), is chairperson of the English Department. Dr. Chance began her career at Rice in 1973, and in 1980 achieved her present status as a full professor.

In 1985, if not earlier, Dr. Chance began airing her grievances regarding compensation and promotions within the English Department. Specifically, Dr. Chance complained to Rice officials that her salary was not commensurate with that of her male colleagues, and that she was not given adequate consideration for two "endowed chairs," prestigious positions within the department that carry a title and increased compensation. She complained that these inequities resulted from the subjective determination of compensation and promotion within her department, a process controlled by males.

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

In response to Dr. Chance's allegations, Rice officials reviewed her past internal evaluations and asked other scholars, both within and outside Rice, to critique her published works. Based upon this investigation, the officials concluded that Dr. Chance's salary was commensurate with her abilities, and that she was not a victim of sexual discrimination within the English Department.

Dr. Chance's dissatisfaction continued, and in 1988 she filed suit alleging that Rice violated Title IX of the Education Amendments of 1972[2] (Title IX) as well as the Equal Pay Act,[3] and that Dr. Grob intentionally inflicted emotional distress upon her. At the close of Dr. Chance's case, the district court directed a verdict in favor of Dr. Grob. At the close of all evidence, the district court denied Dr. Chance relief under both Title IX and the Equal Pay Act, and granted judgment in favor of Rice. Dr. Chance appeals.

## DISCUSSION

*Standard of Review*

We review the district court's Findings of Fact under the "clearly erroneous" standard provided by Fed.R.Civ.P. 52(a), and review questions of law *de novo.*[4]

*Title IX of the Education Amendments of 1972*

Title IX prohibits gender discrimination in educational programs receiving Federal financial assistance.[5] Dr. Chance argues that the district court incorrectly analyzed her Title IX claim under the "intentional discrimination" standard set forth in Title VI of the Civil Rights Act of 1964.[6] She

---

[2]20 U.S.C. § 1681 et seq.

[3]29 U.S.C. § 206(d)(1).

[4]*United States v. United States Gypsum Co.,* 333 U.S. 364, 394-95, 68 S.Ct. 525, 541-42, 92 L.Ed. 746 (1948).

[5]Section 901(a) of Title IX provides in pertinent part:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

[6]42 U.S.C. §§ 2000d to 2000d-7.

contends that the standards articulated in either Title VII of the Civil Rights Act of 1964[7] or the Equal

Pay Act are more appropriate for Title IX claims.

In fact, the district court's application of Title VI standards is supported by ample authority.[8]

The district court properly analyzed Dr. Chance's Title IX claim.

*Equal Pay Act*

To establish a *prima facie* case under the Equal Pay Act, Dr. Chance must show:

1. her employer is subject to the Act;

2. she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions;  and

3. she was paid less than the employee of the opposite sex providing the basis of comparison.[9]

The district court's detailed and meticulous Findings of Fact included a finding that "Rice

University does not pay appropriate male comparators higher compensation than Plaintiff for equal

work on jobs, the performance of which require equal skill, effort, and responsibility and which are

performed under similar working conditions."  Our review of the record reveals that this finding is

fully supported by the evidence and is not clearly erroneous.[10]  Dr. Chance has therefore failed to

establish a *prima facie* case under the Equal Pay Act.

*Intentional Infliction of Emotional Distress*

We review the grant of a directed verdict using the same standard employed by the district

court.[11]  We will affirm the directed verdict in favor of Dr. Grob if the evidence is so strongly in favor

---

[7]42 U.S.C. §§ 2000e to 2000e-17.

[8]*See Grove City v. Bell,* 465 U.S. 555, 566, 104 S.Ct. 1211, 1217-18, 79 L.Ed.2d 516 (1984); *Cannon v. University of Chicago,* 441 U.S. 677, 694-98, 99 S.Ct. 1946, 1956-58, 60 L.Ed.2d 560 (1979).

[9]*Jones v. Flagship International,* 793 F.2d 714, 722-23 (5th Cir.1986), *cert. denied,* 479 U.S. 1065, 107 S.Ct. 952, 93 L.Ed.2d 1001 (1987).

[10]This evidence includes two reports prepared by the Rice University Commission on Women (a group formed by the president of Rice University to investigate matters involving Rice's female employees), and evidence that Dr. Chance's credentials are not as impressive as those of many of her English Department colleagues.

[11]*Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 975 F.2d 1192, 1205 (5th Cir.1992).

of him that reasonable men could not arrive at a contrary conclusion.[12]

To prevail on a claim for intentional infliction of emotional distress, Texas law requires Dr. Chance to show that:

(a) Dr. Grob acted intentionally or recklessly,

(b) his conduct is extreme and outrageous,

(c) his actions caused Dr. Chance emotional distress, and

(d) the emotional distress was severe.[13]

Dr. Chance argues that she introduced sufficient evidence of depression, sleeplessness, and derogatory comments made by Dr. Grob, to create an issue of material fact. We disagree. Having reviewed the record, we find no evidence that Dr. Grob acted intentionally or recklessly, and find extensive evidence that other problems in Dr. Chance's life, other than the alleged behavior of Dr. Grob, may have caused Dr. Chance's emotional distress. Finding the evidence overwhelmingly in favor of Dr. Grob, we affirm the district court's grant of a directed verdict in his favor.

## CONCLUSION

For the foregoing reasons, the district court's judgment in favor of Rice University and the directed verdict in favor of Dr. Grob are AFFIRMED.

---

[12]*Id.* at 1205.

[13]*See Dean v. Ford Motor Credit Co.,* 885 F.2d 300, 306 (5th Cir.1989).