**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 91-6187

_____

DR. JANE CHANCE,

Plaintiff-Appellant,

VERSUS

RICE UNIVERSITY AND ALAN GROB,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

(April 12, 1993)

**ON SUGGESTION FOR REHEARING EN BANC**

(Opinion February 25, 1993, 5th Cir., ____F.2d___)

Before WISDOM AND DUHÉ, Circuit Judges, and DOHERTY,[1] District Judge.

DUHÉ, Circuit Judge:

Dr. Jane Chance petitions this Court for rehearing, arguing that we erred in failing to apply the "disparate impact" standard of Title VII of the Civil Rights Act of 1964 to her claim that Rice University sexually discriminated against her in violation of Title IX of the Education Amendments of 1972. Because we find that Dr. Chance could not prevail on her Title IX claim under the "disparate impact" standard, we need not decide which standard applies, and we deny her petition for rehearing.

---

[1]District Judge of the Western District of Louisiana, sitting by designation.

BACKGROUND

In 1988, Dr. Chance sued Rice University (Rice) and Dr. Alan Grob, alleging that Rice violated Title IX of the Education Amendments of 1972[2] (Title IX) as well as the Equal Pay Act,[3] and that Dr. Grob intentionally inflicted emotional distress upon her. The district court directed a verdict in favor of Dr. Grob, and ultimately granted judgment in favor of Rice.

Dr. Chance appealed, arguing inter alia that the district court incorrectly analyzed her Title IX claim under the "intentional discrimination" standard set forth in Title VI of the Civil Rights Act of 1964.[4] We affirmed the district court. See Chance v. Rice University, 984 F.2d 151 (5th Cir. 1993).

Dr. Chance has filed a Suggestion for Rehearing En Banc, again raising the argument that her Title IX claim was analyzed incorrectly.

ANALYSIS

Dr. Chance argues that her Title IX claim should have been analyzed under the "disparate impact" standard of Title VII of the Civil Rights Act of 1964. Application of this standard would require Dr. Chance to show that certain "facially neutral employment standards operated more harshly on one group than another" in order to establish a prima facie case of sexual discrimination. Johnson v. Uncle Ben's, Inc., 965 F.2d 1363, 1367

---

[2] 20 U.S.C. § 1681.

[3] 29 U.S.C. § 206(d)(1).

[4] 42 U.S.C. §§ 2000d - 2000d-7.

2

(5th Cir. 1992), petition for cert. filed, (U.S. Sept. 29, 1992) (No. 92-737); Carpenter v. Stephen F. Austin State University, 706 F.2d 608, 621 (5th Cir. 1983). Dr. Chance claims that the subjective determination of compensation and promotion within her department at Rice is a process controlled by males and has the effect of denying her equal compensation and promotions compared to her male colleagues.

The district court specifically found that no statistically significant salary differential existed between tenured or tenure track men and women in the Humanities Division at Rice (which includes Dr. Chance's department) during 1987-88 and 1989-90, that the Humanities Division actually pays tenured or tenure track women more than tenured or tenure track men, and that all faculty members within the same rank are treated equally in terms of assignment and compensation. The court also found that the failure to grant Dr. Chance the promotions she sought (two endowed chairs within the English Department), and any differential in pay among professors were in no way related to sexual discrimination. These findings are supported by the evidence and are not clearly erroneous.

In light of the court's factual findings, we conclude that Dr. Chance could not establish a prima facie case of disparate impact sexual discrimination, as that standard is applied to her Title IX claim, and we therefore need not decide whether her claim should have been analyzed under that standard.

CONCLUSION

For the foregoing reasons, Dr. Chance's petition for rehearing

is DENIED and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing <u>en banc</u> (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestion For Rehearing <u>En Banc</u> is DENIED.