**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 00-11061

Summary Calendar

ROLAND D. MEISNER,

Plaintiff-Appellant,

VERSUS

STATE OF TEXAS, Office of the Attorney General of Texas; VICTOR
MANTILLA,

Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Texas, Dallas

(3:97-CV-2616-G)

March 16, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Roland D. Meisner appeals the grant of summary
judgment in favor of the Appellees, Office of the Attorney General
of Texas and Victor Mantilla.  We affirm.

Meisner, a Caucasian male, was employed as an attorney by the

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Office of the Attorney General (OAG) from January 11, 1993, until his resignation on August 1, 1997. Meisner alleged that he was not evaluated for periodic raises and that he was deprived of human resources as a result of discrimination. After he filed suit, the court awarded the Appellees summary judgment on a § 1983 claim against Mantilla in his individual capacity, a Title VII claim, and an Equal Pay Act claim. This appeal ensued.

The review of summary judgment is de novo, applying the same standards as the district court. Evans v. City of Bishop, 2000 WL 1946668, *1 (5th Cir. 2000). Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. Pro. 56(c).

In order to prevail on a Title VII claim as well as a § 1983 claim based on discrimination, the plaintiff must make a prima facie case: the plaintiff was a member of a protected class, he was qualified for his position, he suffered an adverse employment decision, and he was replaced by someone not in the protected class. Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2106 (2000). The burden then shifts to the defendant who must show a legitimate, nondiscriminatory reason for the decision. Id. Meisner has both failed to present a prima facie case and to rebut the Appellees' legitimate nondiscriminatory reasons as pretext. As the district court aptly noted, "Meisner has provided

no evidence . . . of intentional discrimination, as opposed to simply bureaucratic inertia."

We also find that summary judgment on the Equal Pay Act was proper. The Appellees have shown a legitimate reason other than sex to have paid a female attorney more money than Meisner, *i.e.* her credentials. See Chance v. Rice University, 984 F.2d 151 (5th Cir. 1993) (citing evidence that plaintiff's credentials were not as impressive as her colleagues). See also Hofmister v. Ms. St. Dep't of Health, 53 F.Supp.2d 884, 894 (S.D. Miss. March 9, 1999).

Finally, we find that the district court's setting aside the entry of default was not an abuse of discretion. Lacy v. Sitel Corp., 227 F.3d 290, 291-92 (5th Cir. 2000).

AFFIRMED.