**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-10791
(Summary Calendar)

GAYLA MONTGOMERY; ET AL

Plaintiffs,

GAYLA MONTGOMERY, KRONNA BYRD, KACCI MICHAELS,
AND JOANNE PARKER

Plaintiffs-Appellants,

versus

CLAYTON HOMES, INC. AND CMH PARKS, INC.

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(4:-01-CV-241-Y)

March 25, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Gayla Montgomery, Kronna Byrd, Kacci Michaels, and Joanne Parker (collectively, the

"Plaintiffs") appeal the district court's grant of summary judgment to Clayton Homes, Inc. and CMH

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Parks, Inc. (collectively, "CMH Parks") dismissing their claims of retaliation under Title VII and unequal pay under Title VII and the Equal Pay Act ("EPA"). For the following reasons, we affirm.

Factual and Procedural Background

CMH Parks owns mobile-home communities throughout Texas and other states. Each of the Plaintiffs worked at one or more of these mobile-home communities under the management of David Whitworth. The Plaintiffs sued CMH Parks claiming that they were not paid a commensurate salary with male employees in violation of Title VII and the EPA.[1] Montgomery, Byrd and Parker each alleged an additional claim of retaliation.[2] The district court granted summary judgment to CMH Parks on each of these claims.

Discussion

We review a district court's grant of summary judgment *de novo*. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

I. Unequal pay claims under Title VII and EPA

Under the EPA, an employer is prohibited from discriminating "between employees on the basis of sex by paying wages to employees in such establishment...for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under

---

[1] Cindy Crowell, who was a plaintiff in the underlying case, settled all of her claims against CMH Parks and is not appealing the district court's judgment. Crowell's retaliation claim is the only claim that survived summary judgment.

[2] Parker further alleged Title VII claims for sexual harassment and racial discrimination. Each of the Plaintiffs asserted a state-law claim for intentional infliction of emotional distress. The Plaintiffs have not appealed these claims.

similar working conditions." 29 U.S.C. § 206(d)(1). To establish a prima facie case under the EPA, a plaintiff must show that: 1) her employer is subject to the EPA; 2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions, and 3) she was paid less than the employee of the opposite sex providing the basis of comparison. See Chance v. Rice Univ., 984 F.2d 151, 153 (5th Cir. 1993). Once the plaintiff establishes a prima facie case, the burdens of production and persuasion shift to the employer to demonstrate that the disparate wage payments were made pursuant to: 1) a seniority system; 2) a merit system; 3) a system which measures earnings by quantity or quality of production; or 4) a differential based upon any other factors other than sex. See 29 U.S.C. § 206(d)(1).

Title VII prohibits discrimination in compensation based on an individual's sex. See 42 U.S.C. § 2000e-2(a)(1). Generally, a Title VII wage discrimination claim parallels that of an EPA violation. See Siler-Khodr v. Univ. of Texas Health Science, 261 F.3d 542, 546 (5th Cir. 2001). Unlike an EPA claim, however, to prevail under Title VII, the plaintiff must prove discriminatory intent. See Lenihan v. Boeing Co., 994 F. Supp. 776, 797 (N.D. Tex. 1998). Thus, in a disparate treatment case, the plaintiff must show that she occupies a job similar to that of higher paid workers of the opposite sex. Id. at 798. An employer seeking to rebut a prima facie case of employment discrimination, need only "articulate" a legitimate non-discriminatory reason for its actions. See Plemer v. Parsons-Gilbane, 713 F.2d 1127, 1136 (5th Cir. 1983). If the employer carries its burden of production, the plaintiff must prove by a preponderance of the evidence that the employer's reasons are a mere pretext for discrimination. Id.

The district court properly rejected the Plaintiffs' attempt to apply the continuing-violation doctrine to unequal pay claims that fell outside Title VII's 300 day statute of limitation period

3

because the Plaintiffs failed to put forth evidence of when they learned of the pay disparity. The district court correctly limited the Plaintiffs' unequal pay claims under the EPA to those brought within two years from the date the cause of action accrued, or if the Plaintiffs could prove that the violation was willful, within three years. 29 U.S.C. § 255(a). Even assuming that some of the instances of unequal pay alleged by the Plaintiffs are timely, the district court's grant of summary judgment in favor of CMH Parks was proper.

The district court further rejected the Plaintiffs' unequal pay claims under Title VII and the EPA because it found that the Plaintiffs failed to present evidence that the work they performed required equal skill, effort, and responsibility as the work performed by the men in question.[3] The Plaintiffs argue that the relevant comparison should focus on the jobs performed and not the people holding them. Thus, the Plaintiffs assert that they satisfied their burden because the evidence demonstrates that their positions were identical to the men in question.[4] We reject this argument. This

---

[3]The men in question are CMH Parks' employees Bob Cruey, John Benge, Dale English, Drew Gilland, Troy Anderson, John Yovanovitch, Larry Davidson, James M. Bloom, Don White, and David Cahill. Because the Plaintiffs failed to put forth a prima facie case under Title VII and the EPA, we need not examine the specifics of each Plaintiff's claim against the men in their respective employment position.

[4]The Plaintiffs cite to Lenihan and Price v. Danka Corp, 2000 WL 274276 (N.D. Tex. Mar. 10, 2000) for this proposition. These cases are distinguishable. In Lenihan, the plaintiff compared herself to men who occupied different job positions, whereas the Plaintiffs in this case occupy identical positions as the men in question. In Price, although the district court held that the plaintiff established that she and the men in question performed equal work based on the fact "they held the same nominal title and worked in the same or similar offices," it reached this conclusion based on the fact that the Defendant did not dispute that the positions entailed the same work and skills as required by the men in question. 2000 WL 274276, at *9. CMH Parks, however, maintains that there were substantial differences in responsibilities and duties between the different properties within and between the regions. The Plaintiffs did not put forth evidence showing that the positions entailed equal work, skills and responsibilities. Their conclusory assertions that the responsibilities were identical to those of the men in question does not change this result.

4

Court has stated that the job content and actual job requirements, not the job title, classification or description, are determinative. See E.E.O.C. v. Hernando Bank, Inc., 724 F.2d 1188, 1196 (5th Cir. 1984).

Even assuming that the Plaintiffs make out a prima facie case for a violation under EPA and Title VII, CMH Parks offered legitimate non-discriminatory reasons for the pay disparities. After reviewing the record, we are persuaded that the unequal pay was the result of differences in job responsibilities, experience, and work performance. The Plaintiffs have not put forth persuasive evidence that the reasons articulated by CMH Parks are pretexts for intentional discrimination.

II.      Retaliation claim

In order to establish a prima facie case of retaliation, a plaintiff must demonstrate that 1) she engaged in activity protected by Title VII, 2) an adverse employment action occurred, and 3) a causal link existed between the protected activity and the adverse employment action. See Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001). The district court held that the fact that the Plaintiffs' salaries were not increased after they filed charges with the EEOC did not constitute an adverse employment action. Relying on Fierros v. Texas Department of Health, 274 F.3d 187 (5th Cir. 2001), the Plaintiffs argue that their failure to receive a salary increase constitutes an adverse employment action. Fierros is distinguishable from the present case. In Fierros, the plaintiff's immediate supervisor initially approved a merit pay increase. Id. at 190. After the plaintiff filed a discrimination complaint against her employer, however, her merit pay increase was denied. Id.

We reject the Plaintiffs attempt to turn CMH Parks' purported failure to correct pay disparities, before a determination regarding whether the pay was in fact in violation of the law, into

5

a claim for retaliation. To do so would transform every disputed claim for unequal pay into a claim for retaliation.

Conclusion

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to CMH Parks.

AFFIRMED.