United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 31, 2005**

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

———————————

m 04-10442
Summary Calendar

———————————

PERRY ANN STITH,

Plaintiff-Appellant,

VERSUS

PEROT SYSTEMS CORPORATION,

Defendant-Appellee

————————————————

Appeal from the United States District Court
for the Northern District of Texas
m 3:02-CV-1424-D

————————————————

Before DAVIS, SMITH, and
   DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

   Perry Stith appeals a summary judgment dis-missing her employment discrimination suit against her former employer, Perot Systems Corporation ("Perot"). For essentially the reasons given by the district court in its opinion entered on March 15, 2004, we affirm.

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Because the district court's opinion[1] adequately lays out the facts underlying Stith's lawsuit, we only briefly summarize them here. Smith, a black woman who was sixty-seven years old at the times in question, worked for Perot's Healthcare Division as a "Senior Specialist-Staffing." She had been commuting on a weekly basis from her home in Houston to Dallas, the location of the leadership of the Healthcare Division. While in Dallas, she would stay in a corporate apartment, and Perot would reimburse her for travel and other expenses.

On August 29, 2000, Stith's supervisor informed her that as a cost-saving measure Perot would be relocating her position to Dallas. She was given three options: (1) Move to Dallas at her own expense; (2) continue to commute to Dallas, but at her own expense; and (3) secure another position in the company. Stith was told she had until September 8 to decide and that she would continue receiving travel expenses until October 1. Her supervisor, Ed Putonti, told her that if she did not make arrangements to select any of the three options, she would be terminated on November 7.

Stith sought other alternatives, which Perot rejected. On September 20, she informed Perot that she felt she was being discriminated against and would be consulting counsel. Nevertheless, she took no significant steps to comply with any of the three options. Accordingly, on September 25 she discovered that her position had been filled by a younger, white woman. On November 7, because Stith had not exercised any of the three options, her employment was terminated.

On August 15, 2001, Stith filed a charge of discrimination based on race, sex, age, and retaliation with the EEOC, which rejected it as untimely. She then sued Perot, claiming violations of title VII, 42 U.S.C. § 2000e-5(e), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 619 *et seq.*, and the Equal Pay Act ("EPA"), 29 U.S.C. § 255, for alleged discrimination based on race, sex, and age and on retaliation under the ADEA and title VII.

## II.

We review a summary judgment *de novo* and are bound by the same standards as those employed by the district court. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371 (5th Cir. 2002). Namely, summary judgment is appropriate only where "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' when viewed in the light most favorable to the non-movant, 'show that there is no genuine issue as to any material fact.'" *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249-50 (1986)). Once the moving party has demonstrated that the non-moving party has no evidence such that a reasonable jury could support a verdict in its favor, the non-moving party must put forth specific facts that demonstrate a genuine factual issue for trial. *See Brennan v. Mercedes Benz USA*, 388 F.3d 133, 135 (5th Cir. 2004).

## III.

Because Stith's claims of race, sex, and age discrimination were not filed with the EEOC within the statutorily mandated 300 days from the time of the alleged discrimination, the district court properly dismissed them as time-

---

[1] *Stith v. Perot Sys. Corp.*, No. 3:02-CV-1424-D, 2004 WL 690884, at *1-*2 (N.D. Tex. Mar. 12, 2004).

barred. *See Mennor v. Fort Hood Nat'l Bank*, 829 F.2d 553, 555 (5th Cir. 1987). Stith was informed of Perot's decision to relocate her position to Dallas on August 29, 2000, and complained that the decision was discriminatory on September 20, 2000. Yet, she did not file a charge of discrimination with the EEOC until August 15, 2001. These occurrences were 352 and 329 days, respectively, from the date of her EEOC complaint. Although Stith was terminated within the 300-day period (*i.e.,* on November 7, 2000, or 282 days before her EEOC filing), the district court correctly rejected that date as a basis for calculation.

"The operative date from which the [300-day period] begins to run is the date of notice of termination, rather than the final date of employment." *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988). "In the Supreme Court's language in [*Delaware State College v.*] *Ricks*, the relevant inquiry is when [the employer] may be considered to have 'established its official positionSSand made that position apparent' to [the plaintiff]." *Id.* (quoting *Ricks*, 449 U.S. 250, 262 (1980)). Consequently, the district court was entirely correct to conclude that the 300-day period began, at the latest, on September 20, 2000, because Stith knew on August 29, 2000, of Perot's decision to relocate her position to Dallas.

"If these acts were discriminatory, they were so immediately." *Stith,* 2004 WL 690884, at *5. Further, "a discharge that is the delayed but inevitable consequence of an earlier decision is not a discrete act." *Id.* at *8 (citations omitted). Thus, no discrete discriminatory act took place within the 300-day period, and Stith's claims are time-barred.

Stith tries to avoid this bar in a number of fashions. First, she attempts, for the first time on appeal, to argue that her claims are saved by the continuing violation doctrine as delineated in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). Whatever merit this approach might have, Stith cannot avail herself of it. As Perot correctly points out, neither Stith's complaint nor her filings in opposition to summary judgment make any mention of a continuing violation. This absence was noted by the district court. *Stith*, 2004 WL 690884, at *5. We do not consider evidence or argument that was not presented to the district court. *See*, *e.g., Louque v. Allstate Ins. Co.*, 314 F.3d 776, 779 (5th Cir. 2002).

Stith's other attempts to escape the 300-day limitations period are equally unpersuasive. We have previously recognized an equitable tolling exception to the 300-day limit. *See Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988). Equitable tolling applies only where (1) a suit was pending between the same parties in the wrong forum; (2) the plaintiff was unaware of the facts giving rise to the claim because of the defendant's intentional concealment of them; or (3) the EEOC misled the plaintiff about the nature of her rights. *Id.* Stith claims that the second possibility applies in her case because Perot allegedly concealed the facts that give rise to her claim. The district court peoperly rejected that argument.

According to Stith, equitable tolling should apply because, *inter alia,* Perot did not take action to help her secure another job in the company. These actions, if true, however, are not attempts to conceal the fact of her allegedly discriminatory discharge. At the time of Perot's alleged affirmative acts, Stith was already well aware of Perot's intention to terminate her if she did not accept one of the three options. Accordingly, equitable tolling

does not apply.

## IV.

In addition to her claims of discrimination discussed above, Stith avers that Perot subjected her to a hostile work environment, discrimination by virtue of disparate impact, and unequal pay in violation of title VII and the ADEA. With respect to the disparate impact claim, Stith's argument borders on the frivolous. Not only was disparate impact never raised in the district court as a theory of recovery, but Stith failed to exhaust her administrative remedy by raising it in her EEOC complaint.

Filing a charge with the EEOC is a condition precedent to the filing of a title VII or ADEA suit. A suit that flows from an EEOC complaint is limited by charges of discrimination "like or related to" allegations contained in the EEOC complaint. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Because Stith did not include disparate impact discrimination in her EEOC complaint and has, therefore, failed to exhaust her administrative remedy, she cannot recover on that theory.

Although a generous reading of Stith's filings in the district court could yield the conclusion that she did raise the specter of a hostile work environment claim, it likewise fails for lack of exhaustion of administrative remedies. Nowhere in the narrative of her EEOC charge is anything other than the alleged discrete acts of discrimination (*i.e.,* the relocation of her position to Dallas) even mentioned. Furthermore, any evidence in the record of alleged abusive comments took place well outside the 300-day filing period, so the claim is time-barred even if considered part of the EEOC charge.

Stith's equal pay claims under title VII and the ADEA similarly must fail. The district court correctly concluded that her EEOC charge did not make any claims of unequal pay based on age or sex. Further, any claim of unequal pay based on race accrued no later than August 29, 2000, and therefore was properly rejected as time-barred. See part. III., *supra*.

## V.

In contrast to causes of action brought under Title VII and the ADEA, Equal Pay Act claims do not require exhaustion of administrative remedies. *See County of Washington v. Gunther*, 452 U.S. 161, 175 n.14 (1981). Nevertheless, Stith's EPA claims were properly dismissed, because she is unable to demonstrate a genuine issue of material fact.

As the district court's opinion cogently enunciates,

The EPA prohibits employers from discriminating on the basis of sex by paying wages to employees of one sex that are less than the rate paid employees of the opposite sex for equal work on jobs that require equal skill, effort, and responsibility and are performed under similar working conditions. 29 U.S.C. § 206(d)(1) . To establish a prima facie case under the EPA, Stith must show "1. [that Perot] is subject to the Act; 2. she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions ; and 3. she was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) (footnote omitted). Stith must show that any pay disparity is a result of sex and cannot be attributed to any other factor, and she must also show that her male comparators hold

positions that require virtually identical skills, effort, and responsibilities. 29 U.S.C. § 206(d)(1); *Brennan v. City Stores, Inc.*, 479 F.2d 235, 238 (5th Cir. 1973). "If the plaintiff meets this burden, the burden of proof 'shifts to the employer to show that the differential is justified under one of the Act's four exceptions.'" *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1136 (5th Cir. 1983).

*Stith,* 2004 WL 690884, at *7.

Stith utterly failed to demonstrate that her proffered comparators were either payed more or that the males held positions of equal skill, effort, or responsibility. For example, Stith points to her *own supervisor* as one who purportedly holds an equal position. Additionally, it is not apparent, from her brief, whether Stith even challenges this conclusion on appeal. Were her claim not completely devoid of merit, therefore, it therefore would likely be waived for lack of adequate briefing. *See* FED. R. APP. P. 28(a)(9)(A); *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001). The dismissal of the Equal Pay Act claims is affirmed.

## VI.

The district court's final basis of decision was that, although Stith's retaliation claims are not time-barred, no reasonable jury could have found retaliation based on the facts reflected in the record. Again, Stith's brief does not specifically debate this point, and the argument is, therefore, waived. *See id.*

AFFIRMED.