United States Court of Appeals
Fifth Circuit

**F I L E D**

April 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50509
Summary Calendar

_____

JESUS E. VASQUEZ,

Plaintiff-Appellant,

versus

EL PASO COUNTY COMMUNITY COLLEGE DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
(No. 3:02-CV-347)

_____

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In this *pro se* case, Jesus E. Vasquez, an employee at El Paso Community College

District ("College"), has brought claims against his employer for discrimination, retaliation

for his alleged whistleblowing activities, and a violation of the Equal Pay Act ("EPA").

The district court granted summary judgment to the College on all claims. Finding no

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

error, we affirm the judgment of the district court.

## I. FACTS AND PROCEEDINGS

Vasquez became the coordinator of inter-library loans at the College in September 1994. In 1996, Vasquez filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). He alleged age and sex discrimination and retaliation; he founded his claims on the basis that his salary had not been increased. The EEOC dismissed his complaint. In 1998, Vasquez reported alleged overpricing of books to an internal auditor. However, he did not make complaints to an external authority, and there was no further investigation. In 2000, Vasquez requested that the College reevaluate his salary; a recommendation was issued that his pay scale be lowered, but the College president decided that it should remain the same.

The College eliminated Vasquez's position on January 31, 2001. The College had earlier hired an outside consultant to review the College's library services department. The consultant determined that, due to technological advances and the generally low volume of inter-library loans, a full-time employment position was unnecessary to monitor inter-library loan activities. Accordingly, the College replaced Vasquez's position with that of a part-time clerk and transferred Vasquez to another department, with no loss in pay.[1] Vasquez continues to hold his new position as an assistant in the Americana Language Program.

---

[1] On February 1, 2001, when Vasquez was transferred to his new position, his annual salary was $33,312. As of his last contract, due to a pay increase authorized by the Board of Trustees for all employees, Vasquez's annual salary was $35,342.83.

In 2001, Vasquez filed an amended charge with the EEOC; again he alleged age and sex discrimination and retaliation, as well as a violation of the Equal Pay Act. This time the claim was based on the elimination of his position as coordinator of inter-library loans. The EEOC dismissed the complaint, and, after the EEOC issued the Notice of the Right to Sue, Vasquez brought the instant action. Before the district court, Vasquez asserted claims under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), and the Texas Whistleblower Act ("TWA"), and the EPA. The district court granted summary judgment to the College on all claims. Vasquez appeals.

## II. STANDARD OF REVIEW

This court reviews the district court's grant of summary judgment de novo. *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 762 (5th Cir. 2001). "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Id.* (internal quotations and citation omitted). In making this determination, this court reviews the facts in the light most favorable to the nonmoving party. *Tarver v. City of Edna*, 410 F.3d 745, 749 (5th Cir. 2005). If the moving party meets its burden in showing an absence of genuine issue of material fact, then the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

3

## III. DISCUSSION

### A. Discrimination Claims

Title VII prohibits an employer from discharging an employee "because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  The AEDA makes the same prohibition based on age.  29 U.S.C. § 623(a)(1).  The burden shifting analysis under Title VII and the AEDA is the same, *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999); *Meinecke v. H & R Block*, 66 F.3d 77, 83 (5th Cir. 1995), and, therefore, these claims will be addressed together.  Under the burden shifting analysis, the plaintiff must first establish a prima facie case of discrimination.  *Meinecke*, 66 F.3d at 83. Once established, the prima facie case raises a presumption of discrimination, which the defendant must then rebut by demonstrating a legitimate, nondiscriminatory reason for its actions.  *Id.*  If the defendant satisfies this burden, then the presumption disappears, and the plaintiff must show that the defendant's reasons are a pretext for discrimination. *Id.*

Under Title VII, a plaintiff makes a prima facie case for gender discrimination by proving (1) that he is a member of a protected class, (2) that he was qualified for the position, (3) that he suffered adverse employment action, and (4) that either he was replaced by someone not in the protected class, or others similarly situated were treated more favorably.  *Okoye v. Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 512–13 (5th Cir. 2001).  When the employer does not replace the plaintiff, then the fourth element instead requires the plaintiff to show that others who are not in the protected class remain

4

in similar positions. *Bauer*, 169 F.3d at 966 (citing *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990)). Under the AEDA, the first three elements of a plaintiff's prima facie case are the same. *Id.* (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)). For the fourth element under the AEDA, the plaintiff must show that he was replaced by someone outside the protected class or someone younger, or was otherwise discharged due to age. *Id.*

We agree with the district court that Vasquez has not made out a prima facie case. The parties do not dispute the first two elements. However, the third and fourth elements pose problems for Vasquez. He has not shown that he suffered an adverse employment action because he was transferred to another department within the College with no loss of pay. Nor has Vasquez shown that anyone was treated more favorably that he was. The College produced records which indicate that Vasquez earned the highest salary among those in the library department categorized as "full-time classified staff." Vasquez claims that the head of the library department preferred female employees, but his unsupported and subjective belief is insufficient to show that females were treated more favorably.

Even if a prima facie case were established, the College has articulated a nondiscriminatory reason for its conduct. Vasquez's position was no longer necessary in light of technological advances and the low volume of inter-library loans. The College hired an independent consulting firm to make this determination. Vasquez's bald assertion on appeal that the College administrators acted in a "malicious" manner in terminating his position does not establish that the College's reason was only a pretext.

5

Because Vasquez did not designate specific facts in support of his claim, summary judgment was proper on Vasquez's discrimination claims.

## B. Equal Pay Act Claim

Under the EPA, employers are prohibited from discrimination in the payment of wages for equal work on the basis of an employee's gender. 29 U.S.C. § 206(d). To establish a prima facie case under the EPA, Vasquez must show: "1. [his] employer is subject to the Act; 2. [he] performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and 3. [he] was paid less than the employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).

As the College acknowledges, it is difficult to compare Vasquez's job with others in the library department because Vasquez's job was unique. He alone acted as coordinator of inter-library loans and was the only employee to ever hold this title. Vasquez urges that his position is comparable to that of the librarians. However, the librarian position requires a Masters of Library Science. Vasquez does not have this degree, so his position is not comparable to that of a librarian, despite his contention to the contrary. Additionally, as mentioned, the College has shown that Vasquez earned the highest salary among those in the library department categorized as "full-time classified staff." Vasquez has not pointed to any evidence that suggests a female in a similar position earned a higher wage than he did. Accordingly, Vasquez has not established a prima facie case under the EPA, and summary judgment was proper.

## C.  Texas Whistleblower Act Claim

Under the TWA, a "state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity . . . to an appropriate law enforcement authority."   TEX. GOV'T CODE ANN. § 554.002(a).   An employee seeking relief under this statute must bring his claim within ninety days of the date that the alleged violation occurred.  *Id.* § 554.005.

Vasquez's claim under this statute fails for two reasons.  First, he did not bring suit within the ninety day limitations period.  Vasquez was transferred in February 2001 and did not bring suit until August 2001.  Second, he did not report what he claims was a whistleblowing activity—his reporting of the alleged book overpricing—to a law enforcement authority, as required by statute.  Summary judgment was proper on this claim as well.

## D.  Alternative Dispute Resolution Claim

Finally, Vasquez complains that appropriate alternative dispute resolution ("ADR") procedures were not used. While the precise nature of his allegation is unclear, the record shows that, as required by the district court's scheduling order, a joint report was filed on the status of ADR discussions in November 2004.  The joint report stated that ADR would be appropriate after dispositive motions were heard.  Vasquez signed this report.  By agreement, ADR would occur after summary judgment motions.  There was no error.

## IV.  CONCLUSION

7

The order of the district court is AFFIRMED.