# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40011
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2015

Lyle W. Cayce
Clerk

JOANN FIELDS; ROSE TROTTY,

      Plaintiffs - Appellants

v.

STEPHEN F. AUSTIN STATE UNIVERSITY; BOB COKER,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:13-CV-250

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Plaintiffs  Joann Fields and Rose Trotty appeal the district court's grant of summary judgment to defendants Stephen F. Austin State University and Bob Coker on claims brought under Title VII, the Equal Pay Act, and the Equal Protection Clause.

      We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40011

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs, both African-American females, are employed as shuttle bus drivers in Stephen F. Austin's Physical Plant Department ("PPD"). Trotty has worked for Stephen F. Austin since 1990; Fields was hired in 2006. Defendant Coker is the manager of Transportation and Special Services for the PPD. He supervises twenty employees, including the plaintiffs. The plaintiffs claim they are paid less than certain Stephen F. Austin employees who perform substantially similar job duties. They also claim Coker created a hostile work environment due to harassment based on race and sex.

Trotty and Fields brought suit against the defendants in the United States District Court for the Eastern District of Texas for wage discrimination in violation of Title VII and the Equal Pay Act. They also sued Coker in his individual capacity under 42 U.S.C. § 1983 for violation of their equal protection rights. The defendants filed a motion for summary judgment on all claims; the district court granted the motion. The plaintiffs now appeal.

## DISCUSSION

A district court's grant of summary judgment is reviewed *de novo*. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All inferences are drawn in the non-movant's favor. *Berquist*, 500 F.3d at 349.

I.     *Title VII and Equal Pay Act claims*

The plaintiffs contend they perform substantially the same work as, but are paid less than, certain male and/or non-African-American employees: two road bus drivers, three garbage workers, two University Police Department

2

No. 15-40011

shuttle bus drivers, and a supervisor/foreperson.

To establish a *prima facie* case of wage discrimination under Title VII, "a plaintiff must show that he was a member of a protected class and that he was paid less than a non-member for work requiring substantially the same responsibility." *Taylor v. United Parcel Serv., Inc.*, 554 F.3d 510, 522 (5th Cir. 2008). A "plaintiff claiming disparate treatment in pay under Title VII must show that his circumstances are 'nearly identical' to those of a better-paid employee who is not a member of the protected class." *Id.* at 523 (citation omitted). To establish a *prima facie* case under the Equal Pay Act, a plaintiff must show that "(1) her employer is subject to the Act; (2) she performed work in a position requiring equal skill, effort, and responsibility under similar working conditions; and (3) she was paid less than an employee of the opposite sex providing the basis of comparison." *Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993).

The district court held that the plaintiffs failed to present evidence sufficient to raise a fact issue as to whether their positions were substantially similar to those of the comparators.[1]  We agree.

The summary judgment evidence provided by the defendants, which was unrebutted by the plaintiffs, is that Trotty and Fields, as shuttle bus drivers for the PPD, drive preset on-campus routes from 7:20 a.m. to 5:20 p.m., Monday through Friday. They do not perform mechanical work, work weekends or overnight, or supervise employees. The plaintiffs have also driven road buses and/or garbage trucks at various times during their employment with Stephen F. Austin.

---

[1] The district court also found that Trotty failed to establish that she was paid less than several of the comparators.  We do not address this issue as neither plaintiff has established that their positions were sufficiently similar to those of their comparators.

3

No. 15-40011

The job duties of the comparators are readily distinguishable. Road bus drivers transport students off-campus for multi-day, overnight, and weekend trips, and have mechanical skills. Garbage workers operate a complex hydraulic system to lift, dump, and compact garbage, pressure wash the exterior and interior of their vehicle on a daily basis, start work at 5 a.m., and work on Saturdays. University Police Department shuttle bus drivers are tasked with law enforcement duties and regularly work overnight and weekend shifts. The forepersons supervise employees.

Accordingly, the plaintiffs' job duties are not "nearly identical" to those of their comparators; their positions do not "requir[e] equal skill, effort, and responsibility under similar working conditions." *Taylor,* 554 F.3d at 523; *Chance,* 984 F.2d at 153. The comparators' positions require, among other things, mechanical skills; out of town, overnight, and weekend work; law enforcement skills; and the supervision of employees. None of those is a duty of a PPD shuttle bus driver.[2] Because the plaintiffs "fail[] to make a showing sufficient to establish the existence of an element essential to [their] case," the district court's grant of summary judgment on plaintiffs' wage discrimination claims was proper. *See Celotex Corp.*, 477 U.S. at 322.

---

[2] The plaintiffs both state they have performed some of the same job duties as their comparators. Fields stated in her deposition that her job has taken her out of town six times in the past two years, but that she has never stayed overnight. She also states she has driven garbage trucks but does not specify how often. Trotty states she was trained to drive road buses and has driven them, but does not specify how often. Fields testified in her deposition that Trotty has driven a charter bus three times to her knowledge, but has never stayed overnight. We find persuasive an unpublished case in which a panel of this court held that a plaintiff who "intermittently" performed the same duties as a comparator was not sufficient to "rebut the[] differences in responsibility made clear from the summary judgment record." *See Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 250 F. App'x 622, 625-26 (5th Cir. 2007). The fact that Fields and Trotty have, at various times, driven a road bus and/or garbage truck does not suffice to raise a fact issue that their positions are substantially similar to those of the comparators for purposes of wage discrimination.

No. 15-40011

*II.     Equal Protection Clause claim*

The plaintiffs bring their hostile work environment claim against Coker under 42 U.S.C. § 1983. They contend that Coker is liable in his individual capacity for violating their equal protection rights based on harassment due to race or sex.[3] The district court granted summary judgment on qualified immunity grounds, finding that the plaintiffs' "vague, conclusory statements regarding Defendant Coker's behavior" did not show that Coker violated their constitutional rights.

"[A] plaintiff seeking to defeat qualified immunity must show: '(1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (quoting *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)).

"[S]ection 1983 and Title VII are parallel causes of action." *Cervantez v. Bexar Cnty. Civil Serv. Comm'n*, 99 F.3d 730, 734 (5th Cir. 1996). In order to succeed on a hostile work environment claim, plaintiffs must prove, among other things, that they were subjected to unwelcome harassment based on race or sex that affected a condition of employment. *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002); *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 163 (5th Cir. 2007). To affect a condition of

---

[3] We discover no Fifth Circuit caselaw holding that a Section 1983 claim based on a violation of equal protection rights (as opposed to a Title VII claim) may be brought for creation of a hostile work environment due to race. We have held that "sexual harassment in public employment violate[s] the Equal Protection Clause of the Fourteenth Amendment and is therefore actionable under § 1983." *Lauderdale v. Tex. Dep't of Criminal Justice, Institutional Div.*, 512 F.3d 157, 166 (5th Cir. 2007) (citation and internal quotation marks omitted). Other circuits have held that race-based workplace harassment can be violative of equal protection. *See, e.g., Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009) (discussing race-based hostile work environment claim under the Equal Protection Clause); *Williams v. Seniff*, 342 F.3d 774, 788, 791 (7th Cir. 2003) (same).

employment, the harassment "must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Ramsey*, 286 F.3d at 268 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

The plaintiffs claim that Coker called them "girl" or "gal" four times in 2010 and 2011, and that he assigned them to the custodial department for the summers but did not assign any males. The plaintiffs concede that "Coker's use of the phrases 'girl' or 'gal' is not sufficient in and of itself to constitute a claim of hostile work environment," but contend that it "shed[s] light on his motivations in sending Plaintiffs to the custodial department during summer months . . . . " They also claim that Coker did not allow them to take their lunch in the motor pool with their co-workers, and that when they complained to Coker about the alleged disparity in pay, he told them they should "just quit."

We conclude that, drawing all inferences in the plaintiffs' favor, Coker's conduct is not "sufficiently severe or pervasive to alter the conditions of [the plaintiffs'] employment and create an abusive working environment." *Id.* (citation and quotation marks omitted). The plaintiffs claim Coker referred to them as "girl" or "gal" four times, but has not done so since 2011. This is not sufficiently pervasive to create an abusive working environment. *See e.g., Lauderdale*, 512 F.3d at 163 (finding that "ten to fifteen [harassing phone calls] a night for almost four months . . . . amounts to pervasive harassment"). The plaintiffs also did not show that their assignment to the custodial shop during the summers was sufficiently severe. In fact, Fields stated in her deposition that if she had a choice between her previous summer assignment and

No. 15-40011

custodial, she would choose custodial.[4] The plaintiffs also complain that Coker did not allow them to take their lunch in the motor pool with their co-workers and that he told them to "just quit" when they objected to their pay. Even if such actions were found to "alter the conditions of [the plaintiffs'] employment and create an abusive working environment," the plaintiffs do not provide any evidence, as they must, that either action was connected to their race or sex. *Ramsey*, 286 F.3d at 268 (citation and quotation marks omitted); *Lauderdale*, 512 F.3d at 163.

Because no constitutional violation is shown, we need not address the second prong of qualified immunity.

AFFIRMED.

---

[4] Fields also stated in her deposition that she did not believe Coker assigned her to the custodial department because of her race or sex.