# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2020

Lyle W. Cayce
Clerk

No. 20-10098

Ana Poloceno, *individually and as next friend of minor*, A.I.,

*Plaintiff—Appellant*,

*versus*

Dallas Independent School District,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1284

Before King, Graves, and Willett, *Circuit Judges*.
Per Curiam:*

Ana Poloceno filed this Title IX suit against Dallas Independent School District, alleging that DISD intentionally discriminated against her daughter, A.I., based on her sex. The district court dismissed Poloceno's second amended complaint with prejudice for failure to state a claim, and we affirm.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10098

I

In 2016, A.I. was an eleven-year-old student at Edward H. Cary Middle School, part of DISD, and a student in Keenan Washington's physical education class. If students did not wear proper gym clothes to class, Washington required the students to do "ceiling jumps" as punishment; both male and female students were required to perform the exact same exercises as punishment.[1] At the start of the school year, Washington required a student to complete 30 ceiling jumps if he or she failed to wear proper gym clothes; Washington incrementally increased the number of ceiling jumps over the course of the school year. Benjamin Dickerson, the school principal, allegedly observed male and female students performing ceiling jumps in Washington's gym class. During the school year, five female students allegedly visited the school nurse with complaints of pain from performing ceiling jumps.

In April 2016, A.I. failed to wear proper gym clothes to Washington's class. By this point in the school year, Washington's punishment had increased to 260 ceiling jumps for failure to dress properly. Washington allegedly required A.I. to complete 260 ceiling jumps, after which she became ill and was subsequently hospitalized and diagnosed with rhabdomyolysis, the breakdown of muscle tissue. After this incident, DISD investigated Washington's treatment of A.I. and concluded that Washington had violated DISD's policies regarding student discipline, prohibiting corporal punishment, and promoting student welfare and wellness.

---

[1] A "ceiling jump" involves squatting down, with both hands and hips toward the floor, then jumping up with hands toward the ceiling.

No. 20-10098

In April 2018, A.I.'s mother, Ana Poloceno, filed suit against DISD alleging these events violated Title IX of the Education Amendments of 1972. DISD filed a motion to dismiss Poloceno's complaint for failure to state a claim for relief. FED. R. CIV. P. 12(b)(6). While the motion was pending, Poloceno filed an amended complaint. DISD filed a motion to dismiss Poloceno's first amended complaint, which the district court granted without prejudice to afford Poloceno a third opportunity to plead her Title IX sex discrimination claim. Poloceno filed a second amended complaint (Complaint), the subject of this appeal, and DISD again moved to dismiss. The district court granted DISD's motion and dismissed Poloceno's second amended complaint with prejudice. Poloceno appealed, and, for the reasons discussed below, we affirm.

## II

We review a district court's dismissal under Rule 12(b)(6) de novo. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019). To survive a motion to dismiss, the plaintiff must plead facts that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* We accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). But a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

III

"Title IX prohibits sex discrimination by recipients of federal education funding." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). Its text provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

A plaintiff may enforce Title IX through a private right of action for damages. *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 639 (1999). There are two avenues for stating a Title IX claim. First, a plaintiff can show that the institution has an official policy of sex discrimination. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998).[2] Or, second, a plaintiff can show a Title IX violation where an "appropriate person" had "actual knowledge of the discrimination" and responded with "deliberate indifference." *Gebser*, 524 U.S. at 290. Poloceno chose the second avenue.

Because DISD receives federal financial assistance, it is subject to Title IX. Under Title IX, "schools are liable only for *intentional* sex discrimination." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020) (citing *Gebser*, 524 U.S. at 290). And it is not easy to prove intentional violations: on top of showing intentional discrimination, Poloceno must show (1) actual knowledge of the intentional discrimination by an "appropriate person" and (2) "an opportunity for voluntary compliance." *Gebser*, 524 U.S. at 289–90.

---

[2] Poloceno has failed to show that DISD had an official policy of sex discrimination. To the extent that Poloceno alleges DISD failed to have a policy in place, that allegation "does not constitute 'discrimination' under Title IX." *Gebser*, 524 U.S. at 292. In fact, Poloceno's admits that DISD's failure to have an effective policy in place does not, by itself, violate Title IX.

No. 20-10098

Poloceno's Complaint fails to allege facts that would show intentional discrimination. Poloceno asserts that DISD violated A.I.'s rights under Title IX by having "a physical exercise program that did not consider the physical and metabolic differences between boys and girls." But Poloceno's Complaint fails to allege facts to support a claim that DISD *intentionally* discriminated against A.I. Specifically, Poloceno pleads no facts that would show DISD singled out females for disparate treatment or that A.I. received treatment different from that received by similarly situated male students in Washington's gym class. In fact, Poloceno's Complaint even states that "A.I. and a number of female students were treated the same as male students in [Washington's] gym class" and that "Washington gave the boys and girls the exact same exercises and punishments." Poloceno also fails to plead any facts that give rise to a reasonable inference that Washington or any other DISD employee acted—or failed to act—because of a discriminatory motive.

Instead, Poloceno's Complaint attempts to allege disparate impact: that Washington's punishment of his students was facially neutral but had a disparate impact on female students in his gym class. But only *intentional* discrimination, not disparate impact, is actionable under Title IX. On appeal, Poloceno argues that the district court erred in dismissing her Complaint because it found that her disparate-impact claim was not actionable under Title IX. The district court based its dismissal on the Supreme Court's decision in *Alexander v. Sandoval*, which held there is no private right of action to enforce disparate-impact claims under Title VII, on which Title IX is patterned. 532 U.S. 275, 280–81 (2001). Poloceno argues that *Sandoval* only applies when a plaintiff bases her Title IX disparate-impact claim upon Title IX regulations. Because her disparate-impact claim is not based on Title IX regulations, Poloceno argues that *Sandoval* does not control.

No. 20-10098

But *Sandoval* stands for a broader proposition: A plaintiff's Title IX claim must be based on intentional discrimination, not disparate impact.[3] And the Supreme Court's Title IX cases have emphasized that Title IX prohibits *intentional* discrimination, not disparate impact. *Gebser*, 524 U.S. at 290; *see also Chance v. Rice Univ.*, 984 F.2d 151, 153 (5th Cir. 1993) (concluding that a showing of intentional discrimination is required for recovery under Title IX).[4] Because Poloceno pleads no facts that DISD or its employees intentionally discriminated against A.I., the district court properly dismissed her Title IX claim.

Poloceno next argues that she has an actionable Title IX claim under a "heightened risk" analysis and that the district court erred by recharacterizing her "heightened risk" analysis as a disparate-impact claim. Essentially, Poloceno claims that DISD must protect students from a heightened risk of being "disproportionately injured." We have never recognized or adopted a Title IX theory of liability based on a general "heightened risk" of sex discrimination, and we decline to do so. Moreover, the cases from our sister circuits that recognize the "heightened risk" analysis limit this theory of liability to contexts in which students committed sexual assault on other students, circumstances not present here.[5] Even if we

---

[3] *See, e.g., Manley v. Tex. Southern Univ.*, 107 F. Supp. 3d 712, 726 (S.D. Tex. 2015) (discussing cases that have interpreted *Sandoval* as "(1) requiring intentional discrimination for a claim under Title IX" and "(2) precluding a private right of action based on regulations" under Title IX).

[4] Although we have not squarely considered a disparate-impact claim under Title IX since *Sandoval*, our prior holdings are consistent with *Sandoval*. *See Manley*, 107 F. Supp. 3d at 726.

[5] *See Simpson v. Univ. of Colo. at Boulder*, 500 F.3d 1170 (10th Cir. 2007) (applying this liability theory in a student-on-student sexual harassment case); *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1112 (9th Cir. 2020) (articulating a four-element test for a plaintiff's heightened risk theory in cases of sexual misconduct and sexual harassment).

were to apply a "heightened risk" analysis to this case, Poloceno's "heightened risk" claim merely repackages her disparate-impact claim. Therefore, the district court did not err in dismissing her claim.

Even assuming Poloceno's claim was actionable under Title IX, Poloceno fails to plead facts satisfying the *Gebser* framework to show that DISD intentionally violated Title IX. First, Poloceno failed to show that an "appropriate person" had actual knowledge of the alleged discrimination. *Gebser*, 524 U.S. at 290. The "appropriate person" here is Principal Dickerson, the DISD official "with authority to take corrective action to end the discrimination." *Id.* To show Dickerson had actual knowledge that Washington was discriminating against female students, Poloceno alleges Dickerson saw students in Washington's class doing ceiling jumps, knew of the ceiling-jump practice and its effects, and knew of the injuries of the five female students who went to the school nurse. But these conclusory allegations do not plausibly show that Dickerson had *actual* knowledge that Washington was engaging in any intentional discrimination toward female students, nor do they support a reasonable inference of actual knowledge.

Second, even if Poloceno had alleged facts showing Dickerson had actual knowledge, she fails to show that DISD acted with deliberate indifference. Deliberate indifference is a challenging standard that requires a showing that DISD's "response to the [discrimination] or lack thereof is clearly unreasonable in light of the known circumstances." *Davis*, 526 U.S. at 648. But Poloceno alleges no facts showing or supporting a reasonable inference that DISD responded unreasonably: She alleges that DISD conducted an investigation and found that Washington violated DISD

No. 20-10098

policies. Thus, Poloceno has failed to show that DISD was deliberately indifferent. Poloceno's Title IX claim fails.[6]

For all these reasons, we AFFIRM the district court's dismissal.

---

[6] On appeal, Poloceno for the first time asserts that "[a]side from the investigation," DISD "did nothing" and claims that DISD failed to have in place training programs for gym teachers like Washington. But this failure-to-train allegation does not support the element of deliberate indifference.